## No. 2079.—G. W. DENTON *v.* A. B. READING.

If the language used in an act of the General Assembly is clear and free from ambiguity courts will not give it a different interpretation from that which the words used clearly import.

In the year 1859 plaintiff entered into a contract with defendant for the sale of a certain valuable property in the city of New Orleans. At that time a suit was pending in the Third District Court of New Orleans between plaintiff and Woods for the ownership of the property. The conditions of the contract were that if the plaintiff was successful in the suit, he was to sell the property to Reading, the defendant, for $20,000, fifteen hundred dollars of which was to be paid in cash at the termination of the suit by a final decision of the Supreme Court, or at the end of twelve months from the decision of the district court, if no appeal was taken. The remainder was to be paid in six equal annual installments consecutively, for which notes were to be furnished stipulating six per cent. per annum from date until maturity, and eight per cent. thereafter. It was further agreed that if the final decision be delayed beyond the eighteenth of June, 1860, the whole price should draw six per cent. per annum from that date. The suit was finally decided by the Supreme Court on the eighteenth of June, 1867. Held—That the latter clause or stipulation in the contract furnished the proper basis or data on which to predicate the calculation of interest; that under this clause interest from that date, the eighteenth of June, 1860, at the rate of six per cent. per annum, was due on the cash portion of the price, fifteen hundred dollars, and a like rate on the different installments up to their respective maturities, and eight per cent. thereafter.

APPEAL from the Sixth District Court of New Orleans. *Cooley, J. D. C. Labatt,* for plaintiff and appellee. *Samuel R. Walker,* for defendant and appellant.

### ON THE MOTION TO DISMISS.

TALIAFERRO, J. A motion to dismiss this appeal is made on the ground that the amount of the appeal bond is not sufficient to authorize a suspensive appeal, inasmuch as it does not exceed *by* one-half the sum for which the judgment was rendered. This we find is the case. But under the provisions of the act of the Legislature of September 29, 1868, the bond is required to *exceed one-half* the amount of the judgment. We find the law so written, and see no grounds to authorize us to give it a different interpretation. This bond was executed before that act was amended, and as it does largely exceed one-half the amount of the judgment, it should be maintained.

It is therefore ordered that the motion to dismiss the appeal be overruled.

### ON THE MERITS.

TALIAFERRO, J. A suit was pending in the Third District Court of New Orleans in the year 1859, between the plaintiff and Woods for a

valuable property in the city of New Orleans. In August of that year, and pending this suit, a contract was entered into between the plaintiff and defendant by which it was agreed that Denton, if successful in the suit, was to sell the property to Reading for $20,000, whereof $1500 were to be paid in cash at the termination of the suit by a final decision of the Supreme Court, or at the end of twelve months from the decision of the district court if no appeal were taken. The remainder was to be paid in six equal annual installments consecutively, for which notes were to be furnished stipulating interest at six per cent. per annum from date until maturity and eight per cent. afterwards. But it was agreed by the parties that should the final decision be delayed beyond the eighteenth of June, 1860, the whole price should be on interest at six per cent. per annum from *that* date. The suit was finally decided by the Supreme Court on the eighteenth of June, 1867, just seven years from the time the notes contemplated by the parties were to begin to draw interest. At the termination of the suit and when the cash payment was to be made and the notes furnished a disagreement arose between the parties in regard to the basis on which the estimate should be made of the amount for which the notes were to be drawn. The plaintiff contends that interest should be computed on the sum of $20,000 for six years and added to the principal, making $28,400 ; to deduct from that amount $1500, the cash payment, and distribute the remainder in notes, each for one-sixth of $26,900, to draw interest from date until maturity at six per cent. per annum, and eight per cent. afterwards.

The defendant's basis of calculation is, to deduct $1500, the cash payment, from $20,000 ; to divide the remainder into six equal parts for which notes shall be executed, each note to include its distributive share of the principal and its quota of interest at six per cent. from the eighteenth of June, 1860, until their respective maturities, and to stipulate interest at eight per cent. from the day they respectively fall due, dating the notes on the eighteenth of June, 1867. The defendant calculates interest for seven years on the intended cash payment in June, 1860, making his indebtedness $2130 on that part of the contract. The difference between the two estimates is $1764, in favor of that of the seller.

Each party made a tender by act before a notary public, one of the title, the other of the price. These tenders were reciprocally rejected. Thereupon the plaintiff instituted this action to recover from the defendant the amount claimed by the larger estimate. The court below rendered a judgment in favor of the plaintiff, founded, however, on a basis differing from both the litigants and the defendant has appealed.

We are not able, in our view of the subject, to coincide with either of the litigants, and we think there is error in the judgment. Both

the judgment and the plaintiff's estimate involve, we think, a compounding of interest not intended by the agreement of the parties. The estimate of the defendant, although not meeting our views fully, we think amply covers the contract and proposes all that the plaintiff is entitled to require.  Proceeding to render such judgment as we deem legal and in conformity with the contract of the parties, it is ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed.  It is further ordered that upon receiving from the plaintiff, which he is hereby decreed to make, a deed of conveyance vesting in the defendant a good and sufficient title to the property sold, the defendant pay the plaintiff the following sums of money, viz :

*First*—The sum of two thousand one hundred and thirty dollars, being the amount of the cash payment, with interest as stated in the defendant's tender.

*Second*—The sum of three thousand and eighty-three dollars and thirty-three cents, with interest at six per cent. per annum, from the eighteenth of June, 1860, to the eighteenth of June, 1868, and eight per cent. interest thereafter until final payment.

*Third*—The like sum of three thousand and eighty-three dollars and thirty-three cents, with interest at six per cent. per annum, from the eighteenth of June, 1860, to the eighteenth of June, 1869, and eight per cent. interest thereafter until final payment.

*Fourth*—The like sum of three thousand and eighty-three dollars and thirty-three cents, with interest at six per cent. per annum, from the eighteenth of June, 1860, to the eighteenth of June, 1870, and eight per cent. interest thereafter until final payment.

It is further ordered and decreed that for the installments of the price yet running to maturity, the defendant shall, at the same time, execute and deliver to the plaintiff three several promissory notes, to be drawn by the defendant to his own order and indorsed by him, each note for the sum of three thousand and eighty-three dollars and thirty-three cents, made payable consecutively on the eighteenth of June of the years A. D. 1871, 1872 and 1873, and to stipulate the payment of interest at the rate of six per cent. per annum, from the eighteenth of June, 1860, to their respective maturities, and eight per cent. interest after that time until final payment.  The notes to be secured by vendor's lien and special mortgage on the property conveyed.

It is further ordered that the plaintiff pay all costs of these proceedings.