SANDERS, Justice.
 

 This is a declaratory judgment action. The appeal poses the question of the constitutionality of LSA-R.S. 47:646, which
 
 *767
 
 provides for the distribution of the severance tax allocated to the various parishes •among the governing authorities thereof in proportion to the amount of ad valorem taxes payable to each governing authority.
 

 The Police Jury of the Parish of St. ■Charles instituted this action for a declaratory judgment decreeing that it was the sole recipient of severance tax funds allocated to the parish and that LSA-R.S. 47:646 was unconstitutional insofar as it provided for the distribution of the tax funds among other political bodies within the parish on the basis of proportionate ad valorem tax assessment. Alternatively, the Police Jury prayed that the court decree that the defendants, Sewerage District No. 1, Waterworks District No. 1, Waterworks District No. 2 and Gravity Drainage District No. 2,
 
 [1]
 
 were not entitled to share the severance tax because of the absence of mineral or other severance within their boundaries.
 

 After trial, the district court decreed that the apportionment section of LSA-R.S. 47:646 was violative of Article X, Section 21 of the Louisiana Constitution, LSA and unconstitutional. The court held that the Police Jury was not the sole severance tax recipient but that the defendants were entitled to share the tax only if there was severance within their respective boundaries. Waterworks District No. 1, Sewerage District No. 1, and Gravity Drainage District No. 2 appealed from this judgment. The Police Jury did not appeal.
 

 Section 21 of Article X of the Louisiana Constitution authorizes a state tax levy on natural resources severed from the soil and water. It prohibits the levy of such a tax by the parishes, but authorizes the allocation to them of a portion of the severance tax collected by the state. In reference to the allocation to the parishes, it provides:
 

 “ * * * Notwithstanding any legislative appropriation heretofore made, or any allocation in the Constitution made, the Legislature shall allocate to the Parish from within which such tax is collected, not less than one-third of the amount of severance tax collected on sulphur not to exceed One Hundred Thousand ($100,000.00) Dollars to any Parish in any one year and not less than one-fifth of the amount of the severance tax on oil, gas or other minerals or any natural resources severed from the soil or water, collected therein; provided that the total aggregate amount thus allocated shall not exceed Two Hundred
 
 *769
 
 Thousand ($200,000.00) Dollars to any Parish for any one year.
 

 "The Legislature shall provide for the distribution of the funds allocated to the parishes under this provision among the governing authorities of such parishes as have jurisdiction over the territory from within which such resources are severed and the tax col
 
 lected(Italics ours)
 

 Pursuant to the constitutional mandate, the Legislature has enacted an apportionment statute, LSA-R.S. 47:646. It provides :
 

 “The amounts allocated and credited to each oil, gas or sulphur producing parish and to all parishes producing other natural resources under this Part, shall be apportioned and distributed quarterly among the governing authorities of such parishes as have jurisdiction over the territory from within which the resources are severed and the tax collected. Such apportionment and distribution shall be made within the first fifteen days of each calendar quarter by the auditor and treasurer in proportion to the amount of ad valorem property taxes payable to each such governing authority as shown by the last completed assessment roll, and shall cover all amounts allocated and credited to the parishes during the preceding quarter.”
 

 The Police Jury contends that the appellant political bodies are not entitled to participate in the severance tax distribution because they are not governing authorities within the intendment of the constitutional provision. The Police Jury, it contends, is the sole governing authority of the parish and hence the sole recipient of the tax funds. Moreover, it urges that, if the appellants be considered governing authorities of the parish, they are ineligible to share in the tax funds unless there is severance of oil, gas or other natural resources within their respective boundaries. LSA-R.S. 47:646, the Police Jury asserts, is unconstitutional insofar as it distributes the funds on the basis of ad valorem tax assessment. In this it transcends the constitutional mandate, which limits distribution to such governing authorities “as have jurisdiction over the territory from within which the resources are severed and the tax collected.”
 

 The appellant political bodies assert that they are governing authorities of the parish; that the clause, “as have jurisdiction over the territory within which such resources are severed * * * ”, as used in the Constitution, applies to and modifies “parishes” rather than “governing authorities” ; hence there is no requirement that they have severance within their boundaries in order to share the severance tax; that the provision has been so construed by the legislative and administrative authorities over a period of many years; that since the Con
 
 *771
 
 stitution does not. specify the manner of distribution among the governing authorities, the Legislature was free to base the distribution on ad valorem tax assessment, as it did in LSA-R.S. 47:646; and that the statute is constitutional.
 

 We agree with the district court that the Police Jury is not the sole recipient of severance tax funds allocated to St. Charles Parish. The appellants are governing authorities for purposes of severance tax distribution within the intendment of the constitutional and statutory provisions.
 

 The record discloses that St. Charles Parish has severance of oil and other natural resources within it. The record also reflects that the appellants have ad valorem tax assessments. It follows that these governing authorities are entitled to a proportionate share of the severance tax funds under LSA-R.S. 47:646 if that statute is constitutional and does not require severance from within the boundaries of the governing authority.
 

 Under familiar principles of constitutional law, the validity of a statute is presumed. It is the duty of the court to uphold a statute unless it clearly violates the organic law. Any doubt must be resolved in favor of the validity of a solemn expression of .the legislative will.
 
 [2]
 

 In making a determination of the validity of the statute, we must examine the constitutional provision. For if the statute is in conflict with it, the statute must fall. Specifically, if the constitutional provision restricts distribution of the severance tax to those governing authorities that have severance within their boundaries, the statute is invalid insofar as it apportions the tax among the governing authorities on the basis of ad valorem tax assessment without regard to internal severance.
 

 A fundamental principle of statutory construction requires us first to seek the meaning of the constitutional provision in the language employed. If the language is plain, it must be given effect.
 
 [3]
 

 When the language is examined, we find that the clause, “as have jurisdiction over the territory * * * ” modifies and restricts “parishes” rather than “authorities”. The clause immediately follows “parishes” in the sentence sequence.
 
 [4]
 
 Moreover, “such”, with which “as” (used here as a relative pronoun) is paired, im
 
 *773
 
 mediately precedes “parishes”. .The modified noun is thus clearly identified as “parishes”. To make the clause applicable to “authorities” would require a drastic reformation of the entire sentence.
 

 In our opinion the constitutional provision is free of ambiguity and reasonably expresses the legislative intent. It authorizes the allocation of the severance tax funds to the parishes from within which the natural resources are severed and tax collected, and the distribution of the funds among the governing authorities of each parish to which they have been allocated. It does not require severance within the boundary of a governing authority as a condition for it to share in the distribution.
 

 Since the constitutional provision is clear, we need not look beyond its language. However, we note extrinsically that the construction given this provision by the administrative officials charged with the distribution of the tax funds accords with the meaning we have ascribed to it. The record reflects that this method of distribution has prevailed for many years.
 

 This constitutional mandate requires the Legislature to provide for the distribution of the severance tax funds among the governing authorities of each eligible parish. It does not specify the manner of distribution. Hence, the Legislature was required to devise a reasonable system of distribution. It was free to provide, as it did in LSA-R.S. 47:646, for distribution- on; the basis of proportionate ad valorem tax assessment. We hold that LSA-R.S. 47:646 is valid in this respect.
 

 The appellants, Waterworks District No. 1, Sewerage District No. 1, and Gravity Drainage District No. 2, are entitled to share in the distribution of the severance tax funds allocated to St. Charles Parish based upon their proportionate ad valorem tax assessment.
 

 For the reasons assigned, the judgment of the district court is reversed; plaintiff’s demands are rejected as to the appellants; and the suit is dismissed as to them.
 

 [1]
 

 . In tlie original petition the Police Jury joined the State Comptroller and State Treasurer as defendants. The court dismissed these officials from the suit on exceptions, but issued a preliminary injunction restraining them from disbursing the funds in contest pending the outcome of this suit.
 

 By supplemental petition all of the remaining “political subdivisions” of St. Charles Parish were made parties defendant. They filed no pleadings.
 

 [2]
 

 . State v. Rones, 223 La. 839, 67 So.2d 99; Interstate Oil Pipe Line Co. v. Guilbeau, 217 La. 160, 46 So.2d 113; Union Sulphur Co. v. Parish of Calcasieu, 153 La. 857, 96 So. 787.
 

 [3]
 

 . LSA-C.C. Article 13; LSA-R.S. 1:4; State v. Arkansas Louisiana Gas Compaqny, 227 La. 179, 78 So.2d 825; Walker v. Vicksburg, S. & P. Ry. Co., 110 La. 718, 34 So. 749; Denton v. Reading, 22 La. Ann. 607; 82 C.J.S. Statutes § 322, pp. 571-588.
 

 [4]
 

 .See Gaitber v. Green, 40 La.Ann. 362, 4 So. 210.