294 So.2d 507 (1974)
Anthony J. ROY, Jr.
v.
Honorable Edwin W. EDWARDS et al.
W. Davis COTTON et al.
v.
The LOUISIANA BOARD OF REGENTS et al.
Anthony J. ROY et al.
v.
Honorable Edwin W. EDWARDS et al.
Nos. 54454, 54455 and 54453.
Supreme Court of Louisiana.
April 29, 1974.
*508 William J. Guste, Jr., Atty. Gen., William R. Carruth, Jr., Asst. Atty. Gen., for defendant-relator.
Chris J. Roy, Alexandria, W. S. McKenzie, Taylor, Porter, Brooks & Phillips, Baton Rouge, for plaintiff-respondent in No. 54453.
Gravel, Roy & Burnes, Robert L. Royer, Chris J. Roy, Alexandria, for plaintiff-appellee in 54454.
John V. Parker, Sanders, Miller, Downing & Kean, Baton Rouge, for plaintiff-appellee in 54455.
W. S. McKenzie, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-appellant in 54455.
MARCUS, Justice.
Petitioners in these consolidated cases sought a declaratory judgment decreeing Act 712 of 1972 unconstitutional insofar as it affects the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College and the State Board of Education; they further sought the act to be declared unconstitutional in its entirety, as well as a permanent injunction prohibiting its implementation.
The district court declared Act 712 of 1972 unconstitutional in its entirely and issued a permanent injunction prohibiting implementation of said act. From this judgment, defendants moved for a suspensive appeal. Shortly thereafter, the record was lodged in this Court. Defendants then applied to this Court for writs to review their denial of a suspensive appeal by the trial judge. The writ was granted. In the meantime, the appeal was specially assigned for hearing.
The primary issue presented for our resolution is whether Act 712 of 1972 is unconstitutional insofar as it conflicts with Article XII, Section 7(A) of the Louisiana Constitution.
Those provisions of the Louisiana Constitution pertinent to our consideration of the constitutionality of Act 712 of 1972 are Article III, Section 32 and Article XII, Section 7.
Section 32 of Article III of the Louisiana Constitution provides:
"The Legislature is authorized to provide for the merger or consolidation into one department of all executive and administrative offices, boards or commissions, whether created in this Constitution or otherwise, whose duties or functions are of a similar nature or character, and, in the event of any such consolidation or merger, to reduce the number of officers at the end of their current term."
Section 7 of Article XII of the Louisiana Constitution provides in pertinent part:
"A. Board of supervisors of Louisiana state university.
"Except as otherwise provided in this Section, the Louisiana State University and Agricultural and Mechanical College shall be under the direction, control, supervision and management of a body corporate to be known as the `Board of Supervisors of Louisiana State University and Agricultural and Mechanical College,' * * *
"B. State board of education. Except as otherwise provided in this Section, the State Board of Education shall have supervision of all other higher educational *509 institutions, subject to such laws as the Legislature may enact. * * *
"C. The Louisiana coordinating council for higher education; composition.
"1. The Legislature is authorized to create and establish a Louisiana Coordinating Council for Higher Education * * *
"(4) The Legislature shall at any time have the right to abolish the Louisiana Coordinating Council for Higher Education."
Act 712 of 1972 (R.S. 17:3121 et seq) establishes the Louisiana Board of Regents and provides for its membership. R.S. 17:3132. It provides the basic powers and authority of the Board of Regents as follows:
"The government, supervision, management, administration and direction of all public institutions of higher education in this state shall be entrusted to and be the responsibility of the Louisiana Board of Regents, effective July 1, 1974."
It purports, under authority of Section 32 of Article III of the Constitution, to abolish the L.S.U. Board and the Louisiana Coordinating Council for Higher Education effective January 1, 1974, merging and consolidating all of their powers, duties and functions into the Board of Regents. It further transfers to the Board of Regents, effective January 1, 1974, those functions of the State Board of Education relating to the government, supervision, management, administration and direction of institutions of higher education. R.S. 17:3133, subd. A. In addition, it transfers to the Board of Regents, subject to certain restrictions, all lands, records, money, funds, papers, choses in action, equipment and other property belonging to or heretofore used or possessed by the governing boards merged and consolidated into the Board of Regents. R.S. 17:3133, subd. C.
Defendants contend that Section 32 of Article III of the Constitution authorized the legislature to enact Act 712 of 1972 and, therefore, the act is constitutionally sound. Petitioners contend that the act conflicts with Section 7 of Article XII of the Constitution and, for that reason, is unconstitutional. Petitioners argue, in the alternative, that Section 32 of Article III is inapplicable to the L.S.U. Board since that board is neither an "executive and administrative" office, board or commission nor are its duties or functions "of a similar nature or character" with the State Board of Education and the Coordinating Council.
Recently, in the case of Student Gov. Ass'n of L.S.U., Etc. v. Board of Sup'rs., 262 La. 849, 264 So.2d 916 (1972), we had an occasion to pass upon the authority of the legislature to pass an act which infringed upon the powers of the governing authority of the L.S.U. Board given to said board by Article XII, Section 7 of the Constitution. In holding the particular statute unconstitutional, we stated:
"The history of this constitutional provision is well known. In his 1940 message to the Legislature, the Governor of Louisiana recommended legislation `which will guarantee a depoliticalization of our... universities.' Later in the message, he noted that Louisiana State University had been `the storm center' of a politicalized educational system, [footnote omitted]
"To carry out this recommendation, four members of the Senate introduced a Joint Resolution amending Article XII, Section 7 of the Constitution vesting the `direction, control, supervision and management' of the affairs of the University in the Board of Supervisors. Adopted by the legislature as Act 397 of 1940, this amendment to our Constitution was ratified by the People in general election. It is quite clear that the purpose of this amending, in keeping with the executive recommendation, was to remove the administration of the daily affairs of the University from both the *510 Governor and Legislature and place them under a non-political board.
"Act No. 668 of 1968 amending Section 7 fortifies the above construction. To provide for the Louisiana Coordinating Council for Higher Education, the constitutional amendment was enacted creating the Council and defining its powers. The following words were added at the beginning of the section: `Except as otherwise provided in this Section...' This means, in context, that no governmental authority other than the Coordinating Council for Higher Education (created by Subdivision C, added to Section 7 by the 1968 amendment) can intrude into the administration of the affairs of the University. Under the terms of the amendment, even the right of the Coordinating Council to do so is severely limited.
"Our interpretation that the intent of the constitution is to grant exclusive administrative power to the Board of Supervisors of Louisiana State University is reinforced by the quite different provision with regard to the State Board of Education. This latter board is constitutionally recognized by the same Section 7 as having `supervision of all other higher educational institutions, subject to such laws as the Legislature may enact.' Thus, Section 7 provides unambiguously for `direction, control, supervision and management' of Louisiana State University (only) by its Board of Supervisors, but at the same time the Section provides for legislative oversight and regulation of the State Board of Education's administration of other higher educational institutions.

* * * * * *
"In the present case, we hold that the intent of Article XII, Section 7 was, upon ratification of the constitutional amendment, to grant to the university's Board of Supervisors exclusive administrative authority over operation of the university."
In the instant case, as in Student Gov. Ass'n, we have an alleged conflict between a legislative act and Section 7 of the Article XII of the Constitution. However, here, the legislative act (Act 712 of 1972) was enacted under the purported authority of another constitutional provision (Section 32 of Article III).
We do not find that Section 32 of Article III of the Constitution authorizes the enactment of a legislative act which attempts to consolidate and merge the direction, supervision and management of Louisiana State University by the L.S.U. Board which derives its authority from Section 7(A) of Article XII of the Constitution. Act 397 of 1940 amended Section 7 of Article XII of the Constitution. It provided in no uncertain terms that Louisiana State University "shall be under the direction, control, supervision and management" of the L.S.U. Board. The 1968 amendment to Section 7 of Article XII added at the beginning of the Section the words: "Except as otherwise provided in this Section." These words are clear and unambiguous and mean exactly what they say. The L.S.U. Board has exclusive authority over the affairs of the University except as provided in Section 7 of Article XII of the Constitution.
Therefore, there is no provision in the Constitution or otherwise, except as contained in Section 7 of Article XII, authorizing the legislature to pass a statute that conflicts with the complete autonomy of the L.S.U. Board as provided in Section 7(A) of said Article. Furthermore, Section 7 of Article XII contains no provision authorizing the legislature to merge and consolidate the L.S.U. Board with any other board or commission. Hence, Act 712 of 1972 is in direct conflict with Section 7(A) of Article XII insofar as it attempts to abolish the L.S.U. Board and to transfer all direction, control, supervision and management of the University by the L.S.U. Board to a new Board of Regents. To this extent, the act is clearly unconstitutional.
*511 Having concluded the aforesaid, it is unnecessary for us to consider petitioners' alternative contention that Section 32 of Article III of the Constitution does not apply to the L.S.U. Board since said board is neither an "executive and administrative" office, board or commission nor are its duties or functions "of a similar nature or character" with the State Board of Education and the Coordinating Council.
Since Act 712 of 1972 contains a severability clause, we must at this point consider whether the remainder of the act can reasonably function without the offending provisions contained therein or, if not, must the entire act fall. We stated in Gaudet v. Economical Supermarket, Inc., 237 La. 1082, 112 So.2d 720 (1959):
"Of course, it is well established that the unconstitutionality of a portion of a statute (or ordinance) does not necessarily invalidate the whole, particularly where there is a severability clause as here. But it is equally well settled that such rule applies only when the unconstitutional part is independent of and separable from the rest. If it is so interrelated and connected with the other portions as to raise the presumption that the legislative body would not have enacted one part without the remainder, then the entire enactment is null."
In the present case, we need not concern ourselves with a presumption that the legislative body would not have enacted one part without the remainder because the legislature included with in Act 712 of 1972 an express statement of policy and intent in enacting same. That statement reads as follows:
"It is hereby declared to be the public policy of the State of Louisiana to achieve excellence in the higher education of its youth through the efficient and effective utilization of all available resources and facilities. In order that unnecessary duplication may be avoided and the resources of the state allocated to higher education may be better utilized, the government, supervision, management, administration, direction and control of public institutions of higher education should be merged and consolidated into one governing board. It is the purpose of this chapter to establish such a board having such functions." R.S. 17:3121. (Emphasis added)
Thus, the express intent of the legislature in enacting Act 712 of 1972 was to create one governing board controlling all of Louisiana's institutions of higher education. Removing Louisiana State University from the ambit of control of such a single board destroys the fundamental purpose of the act. It would be impossible to have one governing board of higher education in Louisiana without the inclusion of the control and management of Louisiana State University. Thus, the unconstitutional portion of the act is so interrelated and connected with the other portions of the act that it is clear that the legislature would not have enacted one without the other. Therefore, we declare Act 712 of 1972 to be unconstitutional in its entirety.
We have previously mentioned that, upon application of defendants, this Court granted writs to review defendants' denial of a suspensive appeal by the trial judge. However, having decided these consolidated cases on the appeal, the issue presented in the application for writs is now moot.
For the reasons assigned, the judgments of the district court in these consolidated cases are affirmed.
DIXON, J., dissents.