345 So.2d 37 (1977)
CITY OF BATON ROUGE
v.
Paul B. SHORT.
No. 58973.
Supreme Court of Louisiana.
April 11, 1977.
*38 Joseph F. Keogh, City-Parish Atty., W. George Bayhi, Asst. City-Parish Atty., for plaintiff-respondent.
Julius F. Harrell, Baton Rouge, for defendant-relator.
Ellis P. Adams, Jr., Baton Rouge, Executive Director, Louisiana District Attorneys Assn., amicus curiae.
MARCUS, Justice.
Paul B. Short was charged by affidavit[1] in the city court for the City of Baton Rouge with violation of a local parking ordinance and with driving while intoxicated in violation of La.R.S. 14:98. The city prosecutor acted as the prosecuting attorney on both of these charges. At the beginning of trial, defendant objected to prosecution by the city prosecutor on the ground that La.Const. art. 5, § 26(B) (1974) vests the district attorney with exclusive charge of every criminal prosecution by the state in his district. The trial judge overruled defendant's objection; defendant was tried by judge and found guilty as charged. For violation of the local parking ordinance, defendant was ordered to pay a fine of ten dollars; for violation of the state statute against driving while intoxicated, he was sentenced to pay a fine of one hundred twenty-five dollars plus eight dollars court costs, in default thereof ten days imprisonment. We granted defendant's application for writs in this case to consider the correctness of the judge's ruling permitting the city prosecutor to prosecute defendant for a violation of the state statute against driving *39 while intoxicated, La.R.S. 14:98. 341 So.2d 411 (La.1976).[2]
We note at the outset that the jurisdiction of the city courts over first and second offenses of driving while intoxicated is not in dispute. Under the new Louisiana constitution, city courts retain the jurisdiction vested in them under the 1921 constitution over criminal cases prosecuted under state law which are not punishable by imprisonment at hard labor. La.Const. art. 5, § 15 (1974); La.Const. art. 7, § 51 (1921); La. R.S. 13:1894. First and second DWI offenses fall into this category and therefore may properly be prosecuted in city court. The sole issue presented for our consideration herein is whether or not prosecution in city court by a city prosecutor for a violation within the limits of the city or municipality of the state statute against driving while intoxicated impermissibly infringes on the broad powers vested in the district attorneys of this state by the 1974 Louisiana constitution.
Prior to the adoption of the 1974 constitution, the powers and duties of state district attorneys were defined only by statute. La.R.S. 16:1 provided in pertinent part that "[t]he district attorneys throughout the state . . . shall represent the state in all criminal actions."[3] More particularly, La.R.S. 16:3 directed that "[t]he district attorneys throughout the state shall represent the state in all criminal prosecutions before city courts constituted by law." Subsequent to these enactments, the legislature passed La.R.S. 13:1894.1 containing the following relevant provisions:
. . . [A]ll prosecutions in any city, parish or municipal court, the city, municipal and traffic courts of the City of New Orleans excepted, based on or arising out of the operation of a vehicle by a person while intoxicated shall be charged and prosecuted solely under the provisions of R.S. 14:98.
. . . . .
For the purposes of this section all city, parish and municipal courts shall have concurrent jurisdiction with the district courts over violations otherwise subject to their jurisdiction provided for by R.S. 14:98 except in those cases wherein the person or defendant is charged as a third or subsequent offender under the provisions of R.S. 14:98(D) and (E).
. . . . .
All such charges filed under the provisions of this section shall be on affidavit and such charges shall be filed and prosecuted by the city attorney or the city prosecutor when said charges are filed on account of violations occurring within the territorial limits of the city or municipality and by the district attorney or his representative when said charges are filed on account of violations occurring outside of such territorial limits of the city or municipality. (Emphasis added.)
La.R.S. 13:1894.1 clearly purported to confer on city attorneys power to prosecute certain violations of state law in city courts, which power had previously been vested in the state district attorneys by La.R.S. 16:3. At the time of its passage, however, no provision of our state constitution prohibited such legislative action. In City of Baton Rouge v. Mahnken, 260 La. 1002, 257 So.2d 690 (1972), we reconciled the two legislative pronouncements, finding that insofar as La. R.S. 13:1894.1 provided for prosecution of the state statute against driving while intoxicated by a city prosecutor in city court, it had impliedly repealed the earlier enacted La.R.S. 16:3 to the extent that the statutes were in conflict.
*40 In 1974 the legislature approved and the people of this state voted to adopt a new constitution wherein the powers and duties of the state district attorneys are for the first time constitutionally defined. La. Const. art. 5, § 26 provides:
(A) Election; Qualifications; Assistants. In each judicial district a district attorney shall be elected for a term of six years. He shall have been admitted to the practice of law in the state for at least five years prior to his election and shall have resided in the district for the two years preceding election. A district attorney may select assistants as authorized by law, and other personnel.
(B) Powers. Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law.
(C) Prohibition. No district attorney or assistant district attorney shall appear, plead, or in any way defend or assist in defending any criminal prosecution or charge. A violation of this Paragraph shall be cause for removal.
It is fundamental that when a constitutional provision is plain and unambiguous, its language must be given effect. Police Jury v. St. Charles Parish Waterworks Dist. No. 2, 243 La. 764, 146 So.2d 800 (1962). It is likewise settled that when a statute conflicts with a constitutional provision, the statute must fall. Roy v. Edwards, 294 So.2d 507 (La.1974); Police Jury v. St. Charles Parish Waterworks Dist. No. 2, supra. In our view, La.Const. art. 5, § 26(B) clearly and unambiguously vests the district attorney or his designated assistant with the exclusive charge of every criminal prosecution by the state in his district. This power is subject only to certain limited powers of the attorney general provided in La.Const. art. 4, § 8 (1974). State v. Neyrey, 341 So.2d 319 (La.1976); Guidry v. Roberts, 335 So.2d 438 (La.1976). Insofar as La.R.S. 13:1894.1 provides that violations of the state statute against driving while intoxicated shall be filed and prosecuted in city court by a city prosecutor in his capacity as such[4] when such offenses occur within the territorial limits of a city or municipality, the statute is at variance with the broad constitutional powers accorded the district attorneys of this state. We therefore declare this provision, and this provision only, unconstitutional. Since defendant in this case was prosecuted by a city prosecutor under the language of La.R.S. 13:1894 herein declared invalid, rather than by the district attorney or his designated assistant, his conviction and sentence must be reversed. However, we will not give retroactive application to this decision. Rather, we give it only prospective application to trials commenced after publication of this opinion in West's Southern Reporter. Except where a new rule concerning the application of constitutional rights goes to the very integrity of the fact-finding process (Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965)), the cases do not force retroactive application. State v. Rester, 309 So.2d 321 (La.1975). We find no requirement of retroactive application in the instant case. We consider that the administration of justice would be better served by giving prospective application to this decision.
We now consider whether the remainder of the act may reasonably function without the offending provision or whether the statute must fall in its entirety. La. R.S. 13:1894.1 was enacted by Act No. 233 of 1970. Section 2 of the statute provides:
If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this Act which can be given effect without the invalid provisions, items or applications, *41 and to this end the provisions of this Act are hereby declared severable.
It has frequently been recognized by this court that the unconstitutionality of a portion of a statute does not necessarily invalidate the whole, particularly where there is a severability clause as here. But it is equally well settled that such rule applies only when the unconstitutional part is independent of and separable from the rest. If it is interrelated and connected with the other portions as to raise the presumption that the legislative body would not have enacted one part without the remainder, then the entire enactment is null. Guidry v. Roberts, 335 So.2d 438 (La.1976); Roy v. Edwards, supra; Gaudet v. Economical Super Market, Inc., 237 La. 1082, 112 So.2d 720 (1959).
The severability clause included in the statute under consideration herein creates a presumption of the enactment's severability in fact. State ex rel. Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477 (1949). We are satisfied that the portions of La.R.S. 13:1894.1, providing for prosecution of all DWI offenses under La.R.S. 14:98, delineating concurrent jurisdiction of city and district courts over first and second DWI violations and directing the disposition of collected fines, forfeitures and penalties are not constitutionally infirm. These provisions are not so interrelated with the invalid provision that the legislature would not have enacted the one without the other. Hence, in accordance with the severability provision of the statute, we find that the invalid provision of La.R.S. 13:1894.1 is severable from the rest of the statute.

DECREE
For the reasons assigned, defendant's conviction and sentence for violation of the Baton Rouge city parking ordinance are affirmed. However, his conviction and sentence for driving while intoxicated in violation of La.R.S. 14:98 are reversed and the case is remanded for further proceedings not inconsistent with the views expressed herein.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., dissents for the reasons assigned by CALOGERO, J.
CALOGERO, Justice, dissenting.
I would affirm defendant Short's convictions and sentences.
If I believed, as the majority holds, that the constitutional provision which states' that "a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district. . ." (La.Const. art. V, § 26(B)) requires that the district attorney's office be vested with the exclusive power to prosecute every violation of state law, then I would agree that the constitutional requirement superceded any previous legislative pronouncement to the contrary. La.Const. art. XIV, § 18 (1974). I have read the entire pertinent transcript of the Constitutional Convention, however, in which Article V, Section 26(B) was discussed and voted on. XI Constitutional Convention of 1973, Verbatim Transcripts, 35th Day, pp. 95-130; XXXVI Transcripts, 112th Day, p. 134; XXXVII Transcripts, 113th Day, pp. 79, 102; XXXIX Transcripts, 121st Day, pp. 187-189, 198. I am convinced that the sole reason for the inclusion of the provision was a feeling on the part of some delegates that the constitution should set forth a general statement of the duties of each constitutional officer. See especially XI Transcripts, 35th Day, pp. 97-99 and 125-130. It was not intended to mandate that the district attorney exclusively be the public official who should prosecute all violations of state law, certainly not with respect to nullifying the statutory enactment which directs city prosecutors to prosecute certain violations of R.S. 14:98. In fact, it appears to me that the real concern of the delegates was the division of authority between the attorney general and the district attorneys.
The actual provision as initially passed by the convention read as follows:
"A district attorney shall have charge and control of every criminal prosecution *42 in his district and shall perform such other duties as may be provided by law." XI Transcripts, 35th Day, p. 125.
This language apparently was intended to convey essentially the same meaning as had the previous statutory provisions of La.R.S. 16:1 and 16:3. It was in the style and drafting committee that the asserted exclusive nature of the authority was formulated with the addition of the phrases "[e]xcept as otherwise provided by this constitution" and "by the state." I therefore conclude from this legislative history that there was never any intention on the part of the delegates to the Constitutional Convention to deprive city prosecutors of the authority to maintain certain prosecutions in city court for first and second violations of state DWI law.
An examination of the language of the constitutional provision likewise confirms that the constitution did not invalidate R.S. 13:1894.1. The provision recites that a district attorney "shall have charge of every criminal prosecution by the state in his district." This Court must interpret R.S. 13:1894.1 in light of this constitutional provision in an effort to uphold the constitutionality of the statute. Sevin v. Louisiana Wildlife and Fisheries Com'n, 283 So.2d 690 (La.1973); Pearce ex rel. Structural Pest Control Com'n v. Sharbino, 254 La. 143, 223 So.2d 126 (1969). Doing that, I believe that the district attorneys still "have charge" of these prosecutions. I interpret the statute to mean that it does not grant exclusive authority to city prosecutors to maintain first and second offense DWI prosecutions in city courts when the offense occurs within municipal boundaries. Instead, the city prosecutors and district attorney have concurrent authority in these cases, as do city courts and criminal district courts in these situations. State v. Fuller, 312 So.2d 287 (La.1975).[1] Final authority even in these matters rests with the district attorney who, by constitutional grant, has "charge of every criminal prosecution by the state in his district." But absent exercise by the district attorney of that control over these state DWI prosecutions in city courts, the city prosecutors may properly, pursuant to R.S. 13:1894.1, charge and prosecute all DWI's in city court for violation of R.S. 14:98 (when the offense takes place within the city limits, and when it was a first or second offense). I recognize, as has this Court in other situations, see State v. Neyrey, 341 So.2d 319 (La.1976) and Guidry v. Roberts, 335 So.2d 438 (La.1976), the constitutional authority of the district attorney over all state criminal prosecutions in his district, subject only to certain limited powers of the attorney general as provided in Article IV, section 8 of the 1974 Constitution.
For these reasons, I believe that the majority falls into the error of being overly technical when it holds part of R.S. 13:1894.1 unconstitutional and reverses defendant's conviction.
In doing so, the majority also, unwisely it seems to me, has delayed the effective date of its holding until that date in the future when West Publishing Company publishes the opinion in the Southern Reporter.[2] If it is true, as the majority holds, that prosecutions for state drinking while intoxicated offenses cannot constitutionally be prosecuted by city prosecutors, then I cannot understand why this Court can allow the invalid (because constitutionally infirm) prosecutions to continue in every parish using this system until that arbitrary date in the future when West Publishing Company happens to publish this particular opinion.
I would affirm this DWI conviction, and I respectfully dissent.
NOTES
[1] La.Code Crim.P. art. 382 provides that a prosecution for violation of an ordinance shall be instituted by affidavit. Other criminal prosecutions in city court shall be instituted by affidavit or information.
[2] Defendant also assigned as error in his application the trial judge's ruling, over his objection, that the state need not make an opening statement. Recently, in State v. Bolen, 338 So.2d 97 (La.1976), we held that an opening statement by the state is not required in a bench trial so long as the failure to make such a statement does not result in unfair surprise to defendant. Defendant does not contend that he was unfairly surprised by the state's case. Moreover, the record does not indicate that the state presented any evidence that defendant was not already aware of. Therefore, we find no error in the ruling of the trial judge.
[3] La.R.S. 16:1 was amended in 1975 to conform to the language defining the powers and duties of district attorneys in La.Const. art. 5, § 26(B).
[4] La.Code Crim.P. art. 63 provides:

The district attorney may employ or accept the assistance of other counsel in the conduct of a criminal case.
[1] Since Fuller dealt with a prosecution for third offense DWI, the language in that case might be dictum, but even there, without the need as we have here to interpret the statute in a constitutional manner, we stated that in context the district attorney and the city prosecutor have concurrent jurisdiction over first and second offense DWI prosecutions arising out of incidents occurring within the municipality.
[2] I assume that the majority is referring to the date marked on the front of the advance sheets, but that too is unclear.