ORDER
From defendant’s application for new trial as against the individual plaintiff alone (and not as against the subrogated insurer, plaintiff in the consolidated case), and from the wording of the application for new trial, it appears that the application asks for new trial on the ground that quantum is excessive. Notwithstanding that the application asked only for new trial, C.C.P. 1813 provides the court “may” indicate a period for remittitur as an alternative to granting a new trial. Under the circumstance that liability is established in the trial judge’s own $4,812.96 judgment for the subrogated insurer, this might well be an appropriate ease for remittitur. Unlike the trial judge in Fontenot v. Fidelity and Gas. Co. of N. Y., La.App. 3 Cir. 1969, 217 So.2d 702, our trial judge does not reject new trial as an imposition. To the contrary, he has granted a new trial, a burden he presumably does not need and could avoid by granting remit-titur, but only if plaintiff consented. Perhaps the trial judge has had informal indications from plaintiff (as did the trial judge in Fontenot) that plaintiff would not consent to the remittitur the trial judge deemed proper. We are unable from our point of view to say that C.C.P. 1813’s “may” in this case means “must”.
The application is therefore denied.