372 So.2d 1243 (1979)
STATE of Louisiana In the Interest of Catrice ALEXANDER.
No. 10535.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1979.
*1244 New Orleans Legal Assistance Corp., Steven R. Scheckman and Mark S. McTernan, New Orleans, for relator.
Harry F. Connick, Dist. Atty., and Mary L. Beck, Asst. Dist. Atty., Juvenile Division, New Orleans, for respondent.
Before LEMMON, STOULIG and BOUTALL, JJ.
LEMMON, Judge.
This matter comes before the court on an application for supervisory writs under C.C.P art 2201. The application (and two other applications presented to the court along with the present one, involving similar situations in different cases) questions several rulings of the juvenile court relative to instanter orders issued pursuant to R.S. 14:403 G (6) in child abuse or neglect cases.

I
Catrice Alexander, a four-year old child, was placed in the protective care of the Department of Health and Human Resources on January 4, 1979 by an instanter order of the juvenile court issued pursuant to R.S. 14:403 G (6).
The court issued the order on the basis of an affidavit,[1] which stated that juvenile *1245 police officers had found the child with several healed scars on her abdomen and buttocks and linear bruises on her back, as well as a fracture of the left arm and an old fracture of the right arm; that the child's mother had stated the fracture of the left arm occurred when the child fell from furniture onto the floor, but she was not aware of a second fracture, and that the linear marks were the results of the child's falling into a rose bush; that the mother later stated the linear marks were caused when the child was "itching herself"; and that the mother finally admitted using a belt to whip the child, thus causing the linear marks.
On February 26, 1979 the State of Louisiana filed a petition to have Catrice declared a child in need of care under C.J.P. art. 15 and 13(14)(b). However, no hearing date was set. Meanwhile, relator had filed six days earlier a motion to dismiss the child abuse proceeding on the basis that no hearing had been held within 45 days of the instanter order, or alternatively to dissolve the instanter order on the basis that R.S. 14:403 is unconstitutional.
On February 28, 1979 the juvenile court continued the instanter order in effect, pending further disposition.
At the hearing on the motion on March 8, 1979 the court denied the motion.[2] Relators then applied for supervisory writs, whereupon the juvenile court stayed all proceedings.

II
R.S. 14:403 provides a procedure for the investigation of reported cases of child abuse or neglect by the governmental agency responsible for the protection of juveniles. When immediate removal is necessary to protect the child from further abuse or neglect until the investigation is completed, R.S. 14:403 G (6) authorizes the juvenile court to issue an instanter order for the temporary removal and placement of the child upon request of the agency and showing of good cause by affidavit.
A written report to the district attorney must be completed within 20 days of the issuance of the instanter order [R.S. 14:403 G (8)], and a hearing must be held within 45 days of issuance of the instanter order [R.S. 14:403 G (7)].
Relator (the child's mother) complains that the statute is unconstitutional in its failure to require (1) a preliminary hearing prior to or immediately after issuance of an instanter order on the issue of necessity of immediate removal and (2) an adjudicatory hearing on the merits of the neglect or abuse issue within a reasonable time.
In view of the result reached in the present case it is not necessary to rule on the constitutionality of the statute at this time. The juvenile court issued the instanter order upon being presented with an affidavit which convincingly established good cause for temporary removal and placement of the child.[3] Relators did not dispute the verified factual allegations or request a hearing on the necessity of immediate removal. Indeed, relators made no attempt to contest the temporary removal until 47 days after the issuance of the instanter order, when they moved to dismiss the abuse proceeding for failure to hold a hearing within 45 days after issuance of the instanter order.
At the time relators filed their motion, the instanter order had expired because no hearing was held within 45 days of its issuance. However, because the instanter order relates only to the temporary removal *1246 and placement of the child as is necessary for the child's protection pending completion of an investigation, the expiration of the order did not affect the abuse proceedings based on facts alleged in the petition filed after the completed investigation.[4] The juvenile court therefore properly denied the motion to dismiss the abuse proceedings, and the matter should proceed to trial without further delay.
Nevertheless, the juvenile court had no authority to continue the instanter order in effect after 45 days. We accordingly grant the application for supervisory writs and order, in the exercise of our supervisory jurisdiction, that the instanter order be dissolved as expired. However, nothing herein is to be construed as preventing the request for, or the issuance of, any orders by the juvenile court for the temporary protection of the child, as long as relator is not denied a timely hearing on the necessity of such an order.
The matter is remanded to the juvenile court for further proceedings consistent with this opinion.
SUPERVISORY WRIT GRANTED, ORDER ISSUED, CASE REMANDED.
NOTES
[1] There were properly verified affidavits attached to the order in the two companion cases. In the present case the order refers to and identifies a police report, but no report is attached. Because of the result we reach, however, it is not necessary to determine whether the report constituted an affidavit required by the statute.
[2] In the companion case, State of Louisiana in Interest of Durvernay, 372 So.2d 1248, No. 10,537 on the docket of this court, the juvenile court ruled that an instanter order, which had not been continued in effect or extended, expired after 45 days had elapsed without a hearing, but that the proceedings instituted by the child neglect petition remained viable and that the hearing on the merits of the petition should proceed.
[3] In each of the companion cases the child was placed temporarily with a relative, pending disposition of the abuse or neglect proceeding.
[4] It is important to distinguish between a hearing on the child abuse petition and a hearing on the instanter order. The child abuse proceeding may be instituted with or without an order of temporary removal and placement. On the other hand, an order of temporary removal and placement may be issued for good cause at any time, irrespective of the pendency of an abuse proceeding (and the order may be dismissed after investigation without an abuse proceeding ever being filed). Inherent in the court's authority to issue such an order, however, is the preliminary showing of facts necessitating immediate removal and the right of the parents to a prompt hearing on the necessity of the order.

When an abuse proceeding is instituted without an instanter order, the time for holding a hearing is not as critical and is controlled by general considerations. however, when an abuse proceeding is instituted in connection with an instanter order, the hearing on the merits of the petition (regardless of whether or not a hearing has been held on the necessity of the order) must be held within 45 days. This time period, which was legislatively designed to allow a complete investigation that often does not begin until after discovery of the facts upon which the instanter order is based, does not purport to fix the length of time a child may be separated from his parents without any hearing whatsoever, but simply sets the maximum length of time allowable for an investigation and hearing when a child has properly been placed in protective care.