LEMMON, Judge.
This application for supervisory writs was presented to the court as a companion case with State in Interest of Alexander, 372 So.2d 1243, No. 10,535 on the docket, decided this day.
Kendra Brown, a three-month old child, was placed in protective care of the Department of Health and Human Resources on February 10, 1979 by an instanter order of the juvenile court, issued pursuant to R.S. 14:403 G (6).
The court issued the order on the basis of an affidavit of a social worker, which stated that the child had been taken to a hospital with a subgalean hematoma, a fractured skull and a fractured leg; that the father had stated the child had fallen off the edge of the bed, injuring her head; that the mother had stated she had fallen in a hole while carrying the child, which possibly injured the child’s leg eight days earlier; that medical authorities had stated the injuries were suspect in that the head and leg injuries probably would not have occurred as a result of the incidents as described; and that Mrs. Brown admitted that her husband had physically abused her and the child on a number of occasions.
On February 15, 1979 relators, the child’s parents, filed a rule to show cause why the instanter order should not be dismissed and the statutes ruled unconstitutional.
On February 16, 1979 the child was discharged from the hospital and the juvenile court amended the order and placed the child temporarily with her maternal grandparents, pending further investigation.
On March 8,1979 the juvenile court ruled the statutes were constitutional and denied the motion. Relators subsequently filed this application for supervisory writs.
The State of Louisiana filed a petition to have Kendra declared a child in need of care under C.J.P. arts. 15 and 13(14)(b) on March 15, 1979, and the juvenile court continued the instanter order in effect on March 21, 1979, inasmuch as all proceedings were stayed after the court was notified of the application for supervisory writs.
The juvenile court originally issued the instanter order upon being presented with an affidavit which convincingly established good cause for temporary removal and placement of the child. Relators have never disputed the verified factual allegations nor requested a hearing on the necessity of immediate removal.
The instanter order expired, however, when no hearing was held within* 45 days after its issuance, and the juvenile court’s attempt to extend the order or continue it in existence was incorrect. Therefore, the instanter order must now be dismissed.
However, the instanter order related only to the temporary removal and placement of the child, which was necessary for the child’s protection pending completion of the investigation. The expiration of the order did not affect the child abuse proceedings based on facts alleged in the petition, which was filed after the completed investigation. Therefore, the matter should proceed to trial without further delay.
Accordingly, we grant the application for supervisory writs and order, in the exercise of our supervisory jurisdiction, that the instanter order be dismissed as expired. However, nothing herein is to be construed as preventing the request for, or the issuance of, any orders by the juvenile court for the temporary protection of the child, as long as relators are not denied a timely hearing on the necessity of such an order.
*1248 The matter is remanded to the juvenile court for further proceedings consistent with this opinion.

SUPERVISORY WRIT GRANTED, ORDER ISSUED, CASE REMANDED.