LEMMON, Judge.
This application for supervisory writs was presented to the court as a companion case with State in Interest of Alexander, 372 So.2d 1243, No. 10,535 on the docket, decided this day.
Wotu Duvernay, a two-year-old child, was placed in the protective care of the Department of Health and Human Resources on December 19, 1978 by an instanter order of the juvenile court, issued pursuant to R.S. 14:403 G (6).
The court issued the order on the basis of an affidavit of a social worker, which stated that the child was brought to a hospital on December 10, 1978 by her mother, Miss Dale Smith, for treatment of a cough which had not responded to two weeks of home remedies; that the mother told hospital officials she and the child’s father had experimented with a health food diet for themselves and the child consisting primarily of fruits, nuts, vegetables and herbal teas; that the father claimed the child’s health problems were astrologically caused and were also due to the mother’s feeding the child grain and peas occasionally against his wishes; that the father also declared the child would have to go down to “skin and bones” in order to be cleansed of impurities received from the mother in childbirth and received from hospital treatment; that the father and mother, after discharging the child on December 12, 1978 against hospital advice, brought the child back on the same day with an apparent respiratory arrest and requested the child be given an enema and herbal tea; and that the parents have adamantly refused to cooperate with hospital treatment or additional laboratory tests.
*1249 When the child was ready to be discharged from the hospital on December 28, the order was amended to place the child temporarily with her maternal aunt and uncle.
On January 23, 1979 the State of Louisiana filed a petition to have Wotu declared a child in need of care under C.J.P. art. 15 and 13(14)(b). Two days later the court continued the instanter order indefinitely, pending further disposition. No hearing date was set.
On February 21, 1979 relators filed a motion to dismiss the proceeding on the basis that no hearing had been held within 45 days of the instanter order, or alternatively to dissolve the instanter order on the basis that R.S. 14:403 is unconstitutional.
At the hearing on the motion on March 2, 1979 the court ruled that the instanter order had expired by the passage of 45 days without a hearing, but proceeded to hear evidence on the issue of neglect raised by the petition. Contending that the expiration of the instanter order necessarily resulted in dismissal of the neglect petition, relators applied for and were granted a stay order. Relators then applied for supervisory writs.
The instanter order expired when no hearing was held within 45 days of its issuance. However, the instanter order related only to the temporary removal and placement of the child, and the juvenile judge correctly ruled that the child neglect proceedings had not been affected. The matter should now proceed to trial without further delay, and all otherwise admissible evidence may be introduced at the hearing.
Accordingly, the application is denied. However, nothing herein is to be construed as preventing the request for, dr issuance of, any orders by the juvenile court for the temporary protection of the child, as long as relators are not denied a timely hearing on the necessity of such an order.

APPLICATION DENIED.