GARRISON, Judge.
This is an appeal from a judgment of the Family Court of Orleans Parish, declaring Catrice Alexander, then age 4, to be in need of the care and protection of Family Court, removing her from the custody of her natural mother, Cassandra Alexander, and placing her in the temporary custody of her maternal grandmother, Mrs. Albertha Alexander. Cassandra Alexander was granted daily visitation and was ordered to attend a Mental Health Clinic. Should Cassandra Alexander be released from the Mental Health Clinic, the court stated, it would order the child rejoined with her mother. Additionally, the court stated that, if medical authorities suggested therapy which required Cassandra to be rejoined with her child, the court would agree to rejoin Cassandra and Catrice Alexander. From that judgment, which we now affirm, Cassandra Alexander appeals.
Catrice Alexander came to the attention of the Family Court subsequent to a referral of child abuse to Juvenile Police Officers on January 4, 1979. The detective charged with the investigation found bruises on the child’s back and a cast on her left arm. X-rays showed a supracondylar fracture of the left humerus and an older fracture to the right ulna. The child’s entire body was covered with linear scars. Cassandra Alexander admitted to beating her then three year child with a belt and that the linear marks were scars resulting from the beating.[1]
On January 4, 1979, Catrice Alexander was placed in the temporary custody of the Louisiana Health and Human Resources Administration by virtue of an emergency instanter order issued by the Juvenile Court. The mother was investigated by the Welfare Department and the District Attorney’s Office accepted the referral on February 9,1979. The matter was set for a hearing on February 19, 1979.
On February 20, 1979, counsel for the mother filed a motion to dismiss or in the alternative, to dissolve the instanter order on the basis that several juvenile statutes were unconstitutional. The motion was denied on March 8, 1979 and the instanter order was confirmed.
Meanwhile, on February 26, 1979, the State filed a petition praying that Catrice be declared “a child in need.” On March 14, counsel for the mother filed a notice of intent to file for writs of prohibition, certio-rari, and mandamus. In response thereto, the Juvenile Court stayed all proceedings.
*1005 On April 23,1979, the Louisiana Supreme Court denied writs[2] stating that the ease did not “appear to involve a criminal prosecution” and transferred the application to the Fourth Circuit. This court granted writs,[3] dissolving the instanter order as expired, allowing the Juvenile Court to issue “any orders ... for the temporary protection of the child, as long as relator is not denied a timely hearing on the necessity of such an order.” (At 1246), and remanding for further proceedings.
On appeal, the mother argues that the judgment of the trial court should be reversed on the following specifications of error:
1. Petitioner was denied procedural due process by the Court when it issued an instanter order, authorizing the summary seizure of the child without first holding a contradictory hearing.
2. Petitioner was denied procedural due process by the Court when it failed to hold a preliminary hearing within 24 hours of the child’s seizure.
3. Petitioner was denied procedural due process when the court failed to hold an adversary adjudicatory hearing within 10 days on the summary seizure of the child.
4. Petitioner was denied due process in that the instanter order was issued pursuant to the authority of R.S. 14:403, R.S. 13:1569 and C.J.P. Art. 13 and Art. 14, which statutes are unconstitutionally vague, ambiguous and overbroad.
We initially note that the first three specifications of error have been previously ruled on by this court in State In Interest of Alexander, cited above, wherein we stated:
“Relator (the child’s mother) complains that the statute is unconstitutional in its failure to require (1) a preliminary hearing prior to or immediately after issuance of an instanter order on the issue of necessity of immediate removal and (2) an adjudicatory hearing on the merits of the neglect or abuse issue within a reasonable time.
“In view of the result reached in the present case it is not necessary to rule on the constitutionality of the statute at this time. The juvenile court issued the instanter order upon being presented with an affidavit which convincingly established good cause for temporary removal and placement of the child. Relators did not dispute the verified factual allegations or request a hearing on the necessity of immediate removal. Indeed, rela-tors made no attempt to contest the temporary removal until 47 days after the issuance of the instanter order, when they moved to dismiss the abuse proceeding for failure to hold a hearing within 45 days after issuance of the instanter order. “At the time relators filed their motion, the instanter order had expired because no hearing was held within 45 days of its issuance. However, because the instanter order relates only to the temporary removal and placement of the child as is necessary for the child’s protection pending completion of an investigation, the expiration of the order did not affect the abuse proceedings based on facts alleged in the petition filed after the completed investigation. The juvenile court therefore properly denied the motion to dismiss the abuse proceedings, and the matter should proceed to trial without further delay.
“Nevertheless, the juvenile court had no authority to continue the instanter order in effect after 45 days. We accordingly grant the application for supervisory writs and order, in the exercise of our supervisory jurisdiction, that the instanter order be dissolved as expired. However, nothing herein is to be construed as preventing the request for, or the issuance of, any orders by the juvenile court for the temporary protection of the child, as long as relator is not denied a timely hearing on the necessity of such an order.” (At pp. 1245-6)
*1006 See also State In Interest of Brown, 372 So.2d 1246 (App. 4th, 1979); State In Interest of Duvernay, 372 So.2d 1248 (App. 4th, 1979). Thus, the first three specifications of error raised on appeal have been previously resolved by this court at an earlier time.
Turning now to the fourth specification of error, we note that there is a strong presumption in favor of the constitutionality of legislation. In City of Natchitoches v. State, 221 So.2d 534 (App. 3rd, 1969) the scope and standard of review to be applied by appellate courts in suits challenging the constitutionality of statutes was discussed:
“The general rule is that every statute is presumed to be constitutional, and the court is bound to uphold the constitutionality of a statute when it is reasonably possible to do so. Every consideration of public need and public policy upon which the legislation could rationally have been based should be weighed by the court, and the statute should be upheld as being valid and enforceable unless it clearly is inconsistent with provisions of the state or federal constitutions. Michon v. Louisiana State Board of Optometry Examiners, 121 So.2d 565 (La.App. 2d Cir. 1960); Police Jury of Parish of St. Charles v. St. Charles Parish Waterworks District No. 2, 243 La. 764, 146 So.2d 800 (1972).” At 544.
Our review of the legislation at issue convinces this court that appellant has failed to overcome the strong presumption of constitutionality. Our review of the law and facts, as well as the evidence adduced, leads this court to the inevitable conclusion that the judgment of the juvenile court was correct in its results. Accordingly, the judgment of the Family Court is affirmed.

AFFIRMED.

GULOTTA, J., dissents and assigns reasons.

. Further investigation revealed that an abuse referral had previously been made to the Child Protection Center regarding Catrice, but it had not been substantiated and was subsequently closed.

. Sup.Ct. No. 64,423.

. 372 So.2d 1243 (App. 4th 1979).