ON REHEARING
MARCUS, Justice.
Michael F. Malik was charged by separate affidavits with operating a motor vehicle on a public highway during a period of revocation of his license in violation of La. R.S. 32:415[1] and with operating a vehicle *887 while intoxicated in violation of Title 11, Sec. 140 (Ord. No. 2550 § 1) of the Baton Rouge City Code.[2] The affidavits were filed in the office of the clerk of the city court. After a bench trial, defendant was found guilty of both charges and was sentenced to serve sixty days in jail and to pay a fine of $200 plus court costs or in default thereof thirty days in jail on each conviction. The judge expressly directed that the sentences be served concurrently. Defendant appealed to the district court which affirmed. Upon defendant’s application, we granted a writ of certiorari.
On original hearing, we first addressed defendant’s complaint that he was improperly prosecuted in the city court by a city prosecutor for a violation of a state statute (La.R.S. 32:415). We held that, although prosecution for a state offense not punishable by imprisonment at hard labor is proper in the municipal court, it must be done by the district attorney or his designated assistant and not by the city prosecutor. However, since defendant had not objected and had in fact entered a guilty plea, he waived any objection to being prosecuted in the city court by a city prosecutor for the state offense. We also found no merit to defendant’s contention that the sentence he received for the DWI conviction was illegal. Therefore, we affirmed his convictions and sentences. We granted a rehearing after discovering that defendant did not pled guilty to these charges, as erroneously shown in a minute entry in the record, but rather was found guilty following a trial in the city court.
Accordingly, we are faced with the issue which was originally presented, that is, whether the state constitution permits a defendant to be prosecuted in city court by a city prosecutor for violation of a state statute not punishable at hard labor. Although defendant did not object to this error at the time of occurrence as required by La.Code Crim.P. art. 841, article 920 provides that an error “discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence” shall be considered on appeal. The pleadings and proceedings include, inter alia, the caption, a statement of time and place of holding the court, the indictment or information with the endorsement, the arraignment, the plea, mention of the impan-elling of the jury, the bill of particulars filed in connection with a short form indictment or information, verdict and judgment of the court. State v. Craddock, 307 So.2d 342 (La.1975). Hence, since the error complained of by defendant is discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence, it is before us for review.
In City of Baton Rouge v. Short, 345 So.2d 37 (La.1977), we held that, although city courts have jurisdiction over cases prosecuted under state law which are not punishable by imprisonment at hard labor, since La.Const. art. 5, § 26(B) vests the district attorney or his designated assistant with the exclusive charge of every criminal prosecution by the state in his district, subject only to certain limited powers of the attorney general provided in La.Const. art. 4, § 8, prosecutions in city courts for state offenses not punishable at hard labor must *888 be by the district attorney or his designated assistant and not by a city prosecutor. Since Short was prosecuted in the city court for a state offense not punishable at hard labor by a city prosecutor, we reversed his conviction and sentence.
In the instant case, defendant, like Short, was prosecuted in the city court for a state offense not punishable by hard labor (La.R.S. 32:415) by a city prosecutor. Hence, we must reverse his conviction and sentence for this offense.
While rehearing was granted to consider the above assignment of error, defendant .again raises the legality of the sentence imposed in connection with his DWI conviction. He argues that his indigency makes it impermissible to impose a prison term in default of payment of a fine or court costs that would result in his serving a longer term than the statutory maximum for the offense. The fallacy in his argument is that there is nothing in the record to suggest that he is indigent. Defendant has been represented by retained counsel throughout these proceedings and has never moved for a hearing to determine indigen-cy. Hence, as found on original hearing, we conclude that the sentence imposed was permissible. La.Code Crim.P. art. 884. However, if defendant is an indigent, upon appropriate post-conviction application and hearing, the additional jail term may be avoided. State v. Lukefahr, 363 So.2d 661 (La.1978).
DECREE
For the reasons assigned, defendant’s conviction and sentence for violation of the Baton Rouge City Ordinance are affirmed. However, his conviction and sentence for operating a motor vehicle while his license was revoked in violation of La.R.S. 32:415 are reversed and the case is remanded to the city court for further proceedings consistent with the views expressed herein.
LEMMON, J., dissents and assigns reasons.

. La.R.S. 32:415 provides in pertinent part:
It shall be unlawful for any person to operate a motor vehicle upon any public highway *887 of this state during the period of suspension, revocation or cancellation of any license which may have been issued to him by this state or by any other state.
The penalty provision for the violation of the above statute is set forth in La.R.S. 32:427 which provides:
Whoever violates a provision of this Chapter shall be fined not less than ten dollars, nor more than five hundred dollars or imprisoned not more than six months, or both.

. Title 11, Sec. 140 (Ord. No, 2550 § 1) of the Baton Rouge City Code provides in pertinent part:
Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.
Whoever operates a vehicle while intoxicated is guilty of a violation of the section, and upon conviction shall be fined not less than one hundred twenty-five dollars ($125.00) and not more than two hundred dollars ($200.00), or imprisoned in the parish jail for not less than thirty (30) days nor more than sixty (60) days, or both.