HAMITER, Justice.
 

 Economical Super Market, Inc. (referred to hereinafter as Economical) has been and
 
 *1085
 
 is operating a food store'on certain property located in the City of New Orleans which is owned by it, is zoned “F — Heavy Commercial”, and is described as Lots 1 to 8, inclusive, Square
 
 “A”,
 
 Fairmont Park Subdivision, of the Third Municipal District. Adjacent thereto, and fronting on Fairmont Drive, are two vacant lots also belonging to such operator that are zoned “A — Single Family” and Numbered 9 and 10 of said Square and Subdivision. .
 

 In a petition dated August 19, 1958, filed with the Council of the City of New Orleans through the City Planning Commission, Economical sought permission to construct and maintain on the mentioned vacant lots free off-street parking facilities for automobiles of its customers. But the planning commission, on October 22, 1958 and following a public hearing, recommended to the City Council that the off-street parking request be denied for the reason that the approval thereof “would have a detrimental effect upon adjoining property development and would have no appreciable effect in relation to the alleviation of the existing street parking' situation on Fairmont Drive.”
 

 Notwithstanding such recommendation the council, on December 4, 1958 and by a five to on'e vote, directed that Economical’s “petition be granted as prayed for.” This action was taken pursuant to the provisions of Ordinance No. 1363 M.C.S. which was adopted April 24, 1958 and sought to amend Article V of Ordinance No. 18,565 C.C.S. (the present Comprehensive Zoning Law of the City of New Orleans) by adding thereto a new Section 2 relating to parking in residential districts for business uses.
 

 Thereafter, several persons owning and occupying residences in close proximity to the above described property instituted this suit seeking (1) to enjoin Economical from establishing and maintaining parking facilities for transient automobiles on its described vacant lots, and (2) to obtain the annulment of the permit issued for such parking use at the direction of the City Council. However, the district court, after a hearing on the rule for a preliminary injunction, rejected the demands of plaintiffs.
 

 On plaintiffs’ application we granted a writ of certiorari, together with alternative writs of prohibition and mandamus, as a result of which the cause is presently before us for consideration.
 

 Primarily, plaintiffs challenge the constitutionality of Ordinance No. 1363 M.C.S. pursuant to which the assailed permit issued. In defense, on the other hand, Economical and the City of New Orleans contend (1) that such ordinance is valid and (2) that if any portion of it is unconstitutional the remainder thereof, by reason of a severability provision, legally authorizes the action taken by the city council, and (3) that the basic Comprehensive Zoning Law (No. 18,565 C.C.S.) itself, irrespective
 
 *1087
 
 of and without the amending Ordinance No. 1363 M.C.S., provides authority for the issuance of the off-street parking permit.
 

 In attacking Ordinance No. 1363 M.C.S. plaintiffs allege that it “violates the equal protection clause of the 14th. Amendment of the Constitution of the United States, Articles XIV, sub-sections 1 and 2 and Sections 2 and 6 of Article I of the Louisiana Constitution of 1921 [L.S.A.], because it places it within the power of the City Council of the City of New Orleans to grant or withhold permits for conditional off-street parking, in the exercise of its administrative powers, according to its sole whim and fancy, thereby placing the said Council in a position to display favoritism by granting its consent to one applicant, while refusing said consent to another applicant under similar circumstances.” In this connection they assert particularly that such ordinance fails to prescribe uniform rules or standards to guide the City Council, as an administrative agency, in determining when a permit is to be granted or denied.
 

 The recent case of McCauley v. Albert E. Briede and Son, 231 La. 36, 90 So. 2d 78, 80, involved identical charges that were levelled at Article XXV (designated “Special Use Regulations”) of the New Orleans Comprehensive Zoning Law (No. 18,565 C.C.S.). And therein, as a basis for our holding that the assailed provisions were unconstitutional, we gave approval to and applied the following legal principles :
 

 “ * * * It is recognized, according to McQuillin’s Law of Municipal Corporations, that municipal legislative bodies may reserve to themselves the power to grant or deny licenses or permits,
 
 ‘where they do so by an ordinwiice containing a rule or standard to govern them;’
 
 since it is a fundamental rule, fully applicable to zoning ordinances, ‘that an ordinance must establish a standard to operate uniformly and govern its administration and enforcement in all cases, and that an ordinance is invalid where it leaves its interpretation,
 
 administration
 
 or enforcement to
 
 the
 
 unbridled or ungoverned discretion, caprice or arbitrary action of the
 
 municipal legislative body
 
 or of administrative bodies or officials * * *. A
 
 zoning
 
 ordinance
 
 cannot
 
 leave the exercise of property rights to the caprice, whim or esthetic sense of a special group of individuals * * (Emphasis in the above, and in following quotations, is supplied.)
 

 “The same authority informs us further that ‘zoning ordinances cannot be varied by municipal or zoning boards or officials unless the law authorizes it. Exceptions can be allowed only in particular situations specified in the zoning ordinance. Furthermore, variances or
 
 administratively
 
 
 *1089
 

 granted exceptions cannot be authorized by such bodies or officials except on grounds established by a zoning statute or ordinance;
 
 * * *
 
 the fundamental rule that ungoverned and unbridled discretion cannot be vested in either legislative or administrative bodies or officials, or in anyone, is applicable to varicMtces; a uniform rule or standard to govern their grant or denial in all cases must be established by a zoning ordinance.1
 
 ‘Thus a zoning ordinance that fails to establish a sufficiently adequate and definite guide to govern officials with respect to grant of variances, exceptions or permits is void. It has been said that varying applications of a zoning ordinance, to be valid, must be so defined and limited that both citizens and the zoning board may know with certainty their rights, privileges and powers under the ordinance. Indeed, unrestricted discretion as to what uses might be made of the properties in a community would not only be contrary to sound social policy but clearly unconstitutional. * * * ’
 

 “ * * * The City Council has been given no ‘yardstick’ to go by and may approve or disapprove a request for a special permit at its whim; and further, by a mere two-thirds vote, unsupported by reasons, the members are empowered to disregard the adverse recommendation of the City Planning Commission. To allow the granting or refusal of special permits by officials without any standard to guide them denies equal protection of the law and is invalid.”
 

 The ordinance under attack here, being No. 1363 M.C.S. (the preamble of which, incidentally, recognizes our decision in the McCauley case), sets forth in its subsections 1 and 2 conditions that must be met when applying for a permit to use land in a residential district “as an open parking lot for the storage of self-propelled passenger vehicles as an adjunct to the operation of a business or industrial establishment.” Subsections 3 and 4 thereof announce certain requirements respecting the establishing and maintaining of the parking lot if the permit is granted. And subsection 5 of such ordinance recites, insofar as pertinent here, as follows: “Whenever a petition has been filed requesting a permit for conditional use for a parking lot under the provisions of this Section and the City Council has been satisfied that such a land use will not have an unduly detrimental effect upon the character of the neighborhood, traffic conditions, public utility facilities or other matters pertaining to the public health, public safety or general welfare, the City Council shall authorize the issuance of a temporary permit by the Department of Safety and Permits for the installation of a parking lot under the standards and conditions set
 
 *1091
 
 forth above. * * *” (The mentioned standards and conditions obviously refer to the requirements, following the issuance of a permit, contained in subsections 3 and 4.)
 

 After considering Ordinance No. 1363 M.C.S. in the light of the aforequoted legal principles we are forced to declare it to be unconstitutional and invalid. The provisions thereof, just as did those attacked in the McCauley case, fail to prescribe .uniform rules or standards to guide the City Council, as an administrative agency, in deciding when a permit is to be granted or denied. According to the ordinance, as is shown by its subsection 5, the issuance of a permit for the installation of parking facilities on residentially zoned property depends merely on whether or not “the City Council
 
 has been satisfied that such a land use mill not have an unduly detrimental effect
 
 upon the character of the neighborhood, traffic conditions, public utility facilities or other matters pertaining to the public health, public safety or general welfare”. In other words the matter of granting or denying a permit addresses itself solely to the subjective opinions of the council members, and the administration of the ordinance is left entirely to the unbridled or ungoverned discretion of those officials. (Italics ours.)
 

 Defendants urge, to quote from the brief of counsel for the City of New Orleans, that “ * * * because of the severability of the zoning ordinance, should any part of it be stricken with nullity the remaining part would remain unaffected and that the only result of striking out that part * * * which refers to the Council’s. being 'satisfied’ would eliminate the City Council’s discretion and make mandatory the granting of the permit. * * *”
 

 Of course, it is well established that the unconstitutionality of a portion of a statute (or ordinance) does not necessarily invalidate the whole, particularly where there is a severability clause as here. But it is equally well settled that such rule applies only when the unconstitutional part is independent of and separable from the rest. If it is so interrelated and connected with the other portions as to raise the presumption that the legislative body would not have enacted one part without the remainder, then the entire enactment is null. State ex rel. Chess and Wymond Company of Louisiana v. Grace, 188 La. 129, 175 So. 825; Ricks v. Close, 201 La. 242, 9 So.2d 534 and State v. Baggott, 212 La. 795, 33 So.2d 523. The instant case is governed by the latter principle. Unquestionably, the Commission Council would not have provided for the granting of a permit, such as the one involved here, without any regard as to the application for and the effect of the permit’s' issuance.
 

 Finally, defendants contend that authority for issuance of the off-street parking permit in question is furnished by the basic Com
 
 *1093
 
 prehensive Zoning Law (No. 18,565 C.C.S.) itself, irrespective of and without the amending Ordinance No. 1363 M.C.S. And in support of this contention they rely on State ex rel. Szodomka v. Gruber, 201 La. 1068, 10 So.2d 899.
 

 True, in the Gruber case it was held that the employment of a portion of a residentially zoned lot for the parking of automobiles in connection with the operation of a restaurant did not constitute a “commercial” use of such property
 
 within the meaning and intendment of the then governing basic zoning ordinance
 
 (No. 11,302). But here we are not dealing with that ordinance. It was superseded in its entirety by the present basic zoning law, Ordinance No. 18,565 C.C.S. And a mere reading of the latter clearly discloses that thereunder, in the absence of specific authority such as was sought to be provided in the amending Ordinance No. 1363 M.C.S., the issuance of a permit for business use of residentially zoned property is prohibited.
 

 For the reasons assigned the writs heretofore issued by us are made peremptory. Further, the judgment of the district court Is reversed and set aside; and it is now ordered, adjudged and decreed that Ordinance No. 1363 M.C.S. (adopted April 24, 1958 and which sought to amend Ordinance No. 18,565 C.C.S.) be declared unconstitutional, and that the action of the City Council on December 4, 1958 (as well as the permit issued at its direction) which granted the request of Economical Super Market, Inc., for a special use as a parking lot of Lots Nos. 9 and 10, Square “A”, Fairmont Park Subdivision, Third District of New Orleans, be declared null and void. Additionally, the district judge is hereby directed to issue a preliminary injunction as prayed for by plaintiffs, restraining and prohibiting Economical Super Market, Inc., from establishing and maintaining parking facilities for transient automobiles on the above-described lots. .
 

 It is further ordered that the case be remanded to the district court for proceedings on the merits according to law and consistent with the views expressed.
 

 Costs of this court shall be paid by respondents. All other costs are to await final determination of the litigation.