ELLIS, Judge.
Plaintiffs have brought this suit asking that defendants, the City of Morgan City and the Mayor and Councilmen of Morgan City, be enjoined from issuing a building permit to the Knights of Columbus Council # 1373, or the Columbus Home Association, authorizing the construction of a Knights of Columbus Home on certain property in Morgan City. From an adverse judgment in the lower court, plaintiffs have appealed.
The record shows that the Knights of Columbus Council # 1373 owns a certain lot in Morgan City and that the lot is located in an area which is zoned R-3 Resi *137 dential under the provisions of the Morgan City Zoning Ordinance of 1959. The uses permitted under the above ordinance in R-3 Residential areas do not include the construction of such a building. However, the uses permissible by a special permit by the City Council in an R-3 Residential area include “private club not conducted for profit”. We also note that under R-4 Residential, the uses permissible by special permit of the City Council include “lodge hall”.
Under the provisions of Article V, Section 11, the City Council reserves the right to issue special permits in cases designated in Section 8 of the ordinance. That section further provides as follows:
“Such special permits, however, shall be issued only after hearing and prior referral to the Planning Commission for reports regarding the effect of such proposed building or use upon the character of the neighborhood, traffic conditions, public utility facilities, and other matters pertaining to the general welfare.”
It further provides that the Planning Commission recommend appropriate conditions and safeguards prior to the issuance of such permits when they deem it necessary. In making the report, the Commission is required to consider public health, safety, convenience, and welfare which may be promoted by maintaining the character of a neighborhood, by encouraging the most appropriate use of land, and by conserving property values. The section on special permits concludes as follows:
“In granting special permits, the City Council shall give due consideration to such effect of such buildings, and shall stipulate such appropriate conditions and safeguards, using the same criteria as set forth in this section to govern the recommendations of the Planning Commission.”
Plaintiffs’ major contention is that Article V., Section 11 of the zoning ordinance is unconstitutional because it does not provide standards by which the City Council can determine the propriety of issuing the special permits provided for therein.
Plaintiffs’ alternative contention is that the Knights of Columbus Home is a lodge hall, and not a private club, and that the Council has no authority under the zoning ordinance to grant a permit for the construction of a lodge hall in an R-3 Residential area.
In the cases of McCauley v. Albert E. Briede & Son, 231 La. 36, 90 So.2d 78 (1956), and Gaudet v. Economical Super Market, Inc., 237 La. 1082, 112 So.2d 720 (1959), the Supreme Court of this state discussed the constitutionality of provisions relative to issuing special permits. These cases hold that, in order to be constitutional, such provisions must contain objective standards or guidelines, sufficient to inform the responsible public bodies and those applying for special permits as to their rights, privileges and powers under the ordinance.
Applying that test to the ordinance under consideration, we find it to be unconstitutional. Although the City Council and the Planning Commission are directed to consider certain factors in reaching their conclusion, the ordinance is devoid of requirements which must be met by one applying for a special permit if it is to be granted. The granting or withholding of special permits is entirely discretionary with the City Council. It could grant a special permit to one applicant and refuse it to another who stood in exactly the same position. In order to be constitutional, a zoning ordinance should specify the circumstances under which one would have a right to have a special permit issued.
Since we are of the opinion that Article V, Section 11 of the Zoning Ordinance of the City of Morgan City is unconstitutional, it is not necessary that we consider the other points raised by the parties in their briefs.
*138 For the above reasons, we find that, because of the invalidity of Article V, Section 11 of the Zoning Ordinance, the City Council of Morgan City may not issue the special permit requested by the Knights of Columbus Council No. 1373 or the Columbus Home Association, and the judgment appealed from is, accordingly, reversed, and there will be judgment herein in favor of plaintiffs and against defendants, permanently enjoining them from issuing a building permit for the construction of the proposed Knights of Columbus Home on Lot No. 1, Square J, Alcee Mayon Subdivision of the City of Morgan City, to the Knights of Columbus Council No. 1373, or the Columbus Home Association. All costs in this court and the court below are to be paid by defendants.
Reversed and rendered.