927 So.2d 1231 (2006)
Noula ROUDAKIS, et al., Appellants
v.
CITY OF RUSTON, Louisiana, et al., Appellees.
No. 40,952-CA.
Court of Appeal of Louisiana, Second Circuit.
April 19, 2006.
*1232 Wiener, Weiss & Madison, by John M. Madison, Jr., M. Allyn Stroud, Shreveport, for Plaintiffs/Appellants.
Lemle & Kelleher by Jerald N. Jones, Shreveport, for Defendants/Appellants.
William S. Carter, Jr., Ruston, for Appellee.
Before BROWN, STEWART, and MOORE, JJ.
BROWN, C.J.
Plaintiffs, residents of the City of Ruston ("the City"), filed this action against the City seeking declaratory and injunctive relief because the City's board of aldermen had granted variances to its zoning ordinance that allowed Cingular Wireless to construct two cellular phone towers. Cingular Wireless, Frank Cordaro, and related entities were later added as defendants. Cingular Wireless filed a cross-claim against the City seeking an injunction to prevent the removal of the towers due to the preemptive authority of the Telecommunications Act of 1996 ("TCA"). The trial court denied plaintiffs' claim with prejudice and denied Cingular's cross claim without prejudice. For the reasons set forth below, the judgment of the trial court is affirmed.

Facts
In 1998, the City enacted a zoning ordinance that contained specific provisions and requirements for the location and construction of cellular towers.[1] On June 2, *1233 2003, the City, acting through its board of aldermen, approved applications for variances from the requirements of the Cellular Tower Zoning Ordinance with respect to the construction of two cellular towers by Cingular Wireless. The two towers were to be located near the Louisiana Tech campus at 711-712 Tech Drive and 408 West Mississippi. Variances were granted from the distance requirements for both, but no specific variances were granted from the 25-foot setback or the landscaping requirements.
Plaintiffs, residents of Ruston, filed a petition for declaratory and injunctive relief alleging that the action by the City in granting the two variances was invalid because the ordinance contained no objective standards for allowing a variance. Cingular Wireless filed a cross-claim seeking an injunction to prohibit the City from complying with plaintiffs' request due to the preemptive authority of the TCA.
The trial court held that, because plaintiffs failed to specifically plead that the Cellular Tower Zoning Ordinance was unconstitutional in either their original or first supplemental and amending petition, and further failed to serve the attorney general with a copy of the pleadings, the trial court was precluded by the provisions of La. C.C.P. art. 1880 from determining the constitutionality of the ordinance.[2] Additionally, the trial court held that, based on the evidence, plaintiffs had not demonstrated that the City's decision was arbitrary or unreasonable. Finally, the trial court held that the defendants, in their cross-claim against the City seeking a permanent injunction, did not meet their burden of proof and denied the claim.
It is from this ruling that plaintiffs have appealed.

Discussion
Louisiana Code of Civil Procedure article 1880 provides that if an ordinance is alleged to be unconstitutional, the attorney general of the state shall be served with a copy of the proceeding and given an opportunity to be heard. In Vallo v. Gayle Oil Company, Inc., et al., 94-1238 (La.11/30/04), 646 So.2d 859, 864-65, the court stated:
Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
. . .
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings.
Paragraph two of plaintiffs' first supplemental and amended petition for declaratory and injunctive relief states:
Plaintiffs re-allege all allegations of their original petition as though written in full herein, provided, however, if it is shown that the Zoning Ordinance has a provision for the granting of variances, the *1234 plaintiffs show that such a provision contains no criteria for the granting of a variance and does not meet the requirements of law.
Plaintiffs cited a number of cases to support their contention that the variances were granted in error: Tiber Petroleum, Inc. v. Jefferson Parish, 391 So.2d 1178 (La.1980); Morton v. Jefferson Parish Council, 419 So.2d 431 (La.1982); Summerell v. Phillips, 282 So.2d 450 (La.1973); McCauley v. Albert E. Briede & Son, 231 La. 36, 90 So.2d 78 (1956). Each of these cases deal squarely with the unconstitutionality of a particular ordinance for failure to include objective standards.
Plaintiffs argue that the trial court misinterpreted the nature of their claim for relief. According to plaintiffs, they never sought a judgment declaring the Zoning Ordinance to be unconstitutional. Instead, it was plaintiffs' position that in the absence of any criteria for granting a variance, the Zoning Ordinance "does not meet the requirements of law" for the granting of a variance.
In Morton, supra, at 434, the supreme court wrote:
The authority to enact zoning regulations flows from the police power of governmental bodies and is valid if it bears a rational relation to the health, safety and welfare of the public. Folsom Road Civic Association v. Parish of St. Tammany, 407 So.2d 1219 (La.1981); Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659 (La.1974). Zoning ordinances are presumed to be valid; the party attacking the ordinance bears the burden of proving that it is unconstitutional or that it was applied in an arbitrary and discriminatory manner. Furr v. Mayor and City Council of Baker, 408 So.2d 248 (La.1981); Folsom Road Civic Association v. Parish of St. Tammany, supra; Southside Civic Association v. Guaranty Savings Assurance Co., 339 So.2d 323 (La.1976).
However, a zoning ordinance which contains no standard for the uniform exercise of the power to grant or deny applications for permits is unconstitutional. Summerell v. Phillips, 282 So.2d 450 (La.1973); Gaudet v. Economical Super Market, Inc., 237 La. 1082, 112 So.2d 720 (1959); McCauley v. Albert E. Briede & Son, 231 La. 36, 90 So.2d 78 (1956). To be constitutional, a zoning ordinance must be sufficiently definite to notify citizens of their rights pursuant to the ordinance and must establish adequate standards to govern officials with respect to the uniform treatment of applications for permits under the ordinance. Summerell v. Phillips, supra.

As found by the trial court, plaintiffs' claim that the zoning ordinance contains no standard for the uniform exercise of power to grant or deny a variance is based upon an assertion of unconstitutionality of the ordinance. Plaintiffs' pleadings do not claim the ordinance is unconstitutional nor was the attorney general served. Therefore, we are constrained to affirm the trial court's ruling.
The trial court also found that the board of aldermen considered the facts and circumstances of the case, and exercised their authority honestly and upon due consideration. The trial court relied on Bailey v. Parish of Caddo, 30,822 (La. App. 2d Cir.08/19/98), 716 So.2d 523, 527, writ denied, 98-2642 (La.12/11/98), 730 So.2d 461, in which this court observed that:
Zoning regulation flows from the police power of government bodies and is valid if it bears a rational relation to the health, safety and welfare of the public. La. Const. Art. 6 § 17; Morton v. Jefferson Parish Council, 419 So.2d 431 (La. 1982).
*1235 The trial court noted the testimonies of several of the board members. Lavel Thurman, Jedd Lewis, Elmore Mayfield each testified to taking into consideration the safety, aesthetic, and technical needs of the people of Ruston in deciding to grant the variances, as well as the need to allow Cingular a fair chance to compete in the area. Prior to the enactment of the Zoning Ordinance, AT & T and Alltel had constructed towers in similar areas and similar distances from property lines.
David Ackerman, a licensed engineer who spoke to the board regarding safety concerns, stated that the monopole design of the two new towers is virtually infallible. Robert Jones, a Cingular engineer, stated by affidavit that no monopole cellular towers similar to the Ruston towers failed during the then recent Florida Hurricanes. Ackerman agreed. Jones further explained that there had been consistent extraordinary growth in cell phone usage among Louisiana Tech students since September 1999. The increased usage resulted in declining service.
Because the City did not specifically grant variances from the 25-feet setback and landscaping requirements, plaintiffs argue that the towers are in violation of these requirements, and that the only way to remedy the error is the removal of the towers. Sherry Bailey, the Ruston city planner, assured defendants that variance applications "covered all the bases." Additionally, the record shows that the aldermen clearly approved the erection of the towers and intended to give the defendants a blanket variance to erect the towers.
The record shows that the board of aldermen considerations were reasonably related to the public health, safety, and the general welfare. A prima facie presumption of validity attaches to a zoning body's actions. Bailey, supra. It is not within the province of the appellate court to second guess a zoning decision that appears to have been based on appropriate and well-founded concerns for the public. TSC, Inc. v. Bossier Parish Police Jury, 38,717 (La.App. 2d Cir.07/14/04), 878 So.2d 880.
Based on our disposition of this matter, we pretermit a discussion of defendants' alternative assignment of error.

Conclusion
For the reasons set forth above, the trial court's judgment dismissing part of plaintiffs' suit for improper procedure, and finding that the City did not act in an arbitrary or unreasonable manner, are affirmed. Costs of appeal to be borne by the plaintiffs.
AFFIRMED.
NOTES
[1] These provisions are set forth in Ordinance No. 1301 of 1998, codified at Section 29-43(5) of the City of Ruston Municipal Code, and provide that a cellular tower must be located a distance equal to 200% of the tower height from the nearest residentially zoned property line, that the tower must be located a minimum distance from its property lines equal to 100% of its height, and that the owner of the tower must comply with setback and commercial landscaping requirements.
[2] We note that this argument was first presented by defendants after trial in briefs to the trial court.