In re: State of Louisiana through William J. Guste, Jr., Attorney General, applying for Writs of Certiorari, Mandamus and Prohibition.
Writ denied. City of Baton Rouge v. Short, 345 So.2d 37 (La., 1977) has prospective application only to trials commenced after publication of that opinion in West’s Southern Reporter. The decision in that case did not affect the jurisdiction of the city courts over first and second offenses of driving while intoxicated. Under the new Louisiana Constitution, city courts retain the jurisdiction vested in them under the 1921 constitution over criminal cases prosecuted under state law which are not punishable by imprisonment at hard labor. La.Const. art. 5, § 15 (1974); La.Const. art. 7, § 51 (1921); La.R.S. 13:1894. First and second DWI offenses fall into this category and therefore may properly be prosecuted in city court. The decision in City of Baton Rouge v. Short directs that where a first or second DWI offense is prosecuted in city court, the prosecution must be conducted by the district attorney or his designated assistant in compliance with La.Const. art. 5, § 26(B) (1974).