CALOGERO, Justice.*
Defendant Michael Malik was charged by affidavits filed on June 6, 1979, with driving while his license was under revocation, a violation of R.S. 32:415, and with driving while intoxicated, a violation of Baton Rouge City Ordinance, Title 11:140. Defendant entered guilty pleas to both charges. On each charge, defendant received a sentence of sixty days in jail and a fine of two hundred dollars plus court costs. In default of payment of the fine, the trial judge sentenced defendant to serve an additional thirty days in jail. The sentences for both convictions were to run concurrently. Defendant appealed both convictions to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, which affirmed.
Defendant applied to this Court for writs of certiorari on the basis of two assignments of error. We granted defendant’s application on assignment of error No. 2 concerning the prosecution in City Court on driving under revocation. We did not grant defendant’s application regarding his prosecution for DWI and therefore that matter is not before us. Following our grant to review his assignment of error No. 2, defendant requested a review of his DWI sentence which he contends is illegal. We granted this review also and consolidated the matters for consideration by this Court. 392 So.2d 694.
As to defendant’s assignment of error No. 2, we note that defendant had no right of appeal to the district court from the city court on the charge of driving under revocation. Revised Statutes 13:1896(B) provides that review or appeal of a judgment in any criminal case tried under a state statute in a city court is as set forth in C.Cr.P. art. 912.1. That Code of Criminal Procedure article provides for appeals to this Court when a fine exceeding five hundred dollars or imprisonment exceeding six months is actually imposed. The article further provides: “In all other cases not otherwise provided by law, the defendant has the right of judicial review by application for a writ of review to the supreme court.”
Under the facts of this case, defendant did not have a right to appeal to the district court because he was convicted in a city court of violating a state statute. Nor did defendant have a right to appeal to this Court because his sentence was less than six months and his fine less than five hundred dollars. His only remedy was, according to C.Cr.P. art. 912.1, to apply for writs in this Court to review the ruling of the city court. The Nineteenth Judicial District Court should have dismissed defendant’s appeal concerning his driving under revocation conviction for lack of jurisdiction to hear the appeal.
Nevertheless, rather than remand the case to the district court to dismiss the appeal for lack of jurisdiction, with the possibility of defendant thereafter again seeking writs here, we shall consider the issue under our general supervisory jurisdiction. La.Const. art. V, § 5(A). Defend *885 ant complains that his prosecution in city court by a city prosecutor for violation of a state statute contravenes our holding in State v. Short, 345 So.2d 37 (La.1977). Our disposition of this matter turns in part upon the fact that defendant entered a guilty plea and did not object to the prosecution.
Defendant’s guilty plea waived all but jurisdictional defects in the proceedings. State v. Crosby, 338 So.2d 584 (La. 1976); State v. Torres, 281 So.2d 451 (La. 1973). We therefore must review the jurisdiction of the city court. Jurisdiction focuses upon the right of a court to hear cases. Municipal courts have criminal jurisdiction over offenses which are committed within their territorial jurisdiction and which are not punishable by imprisonment at hard labor. R.S. 13:1894. This case involves an offense committed within the territorial limits of the City of Baton Rouge and the offense is not punishable by imprisonment at hard labor. R.S. 32:415.
In Short, supra, we overturned the DWI conviction of that defendant under a state DWI statute not imposing imprisonment at hard labor because the prosecution took place in a municipal court with the city prosecutor as the prosecuting attorney. In our view, the Louisiana Constitution of 1974, art. 5, § 26(B), directs that, although prosecution for state offenses not punishable by imprisonment at hard labor is proper in municipal court, that prosecution must be by the district attorney or his designated assistant and not by a city prosecutor. See also State ex rel. Guste v. Foote, 345 So.2d 502 (La.1977). Short, however, had objected to the prosecution by the city prosecutor and challenged the constitutionality of the statute permitting that procedure, thus preserving the issue for our review. This case at bar is distinguishable from Short. Not only did this defendant not object, he entered a guilty plea. While defendant did file a motion in arrest of judgment (C.Cr.P. art. 860) in the city court, that motion was directed only to the DWI conviction and did not include any objection to the conviction for driving while under revocation.
It is true that in this case the bill of information or affidavit was signed by an assistant city prosecutor for the City of Baton Rouge. However, prosecution in municipal court may be initiated by the filing of an affidavit. R.S. 13:1895. This affidavit may be signed by one other than a prosecutor. It is the handling of the prosecution which must be by a district attorney or his assistant. State v. Short, supra; La. Const, art. 5, § 26(B). Therefore the fact that the bill of information or affidavit was signed by an assistant city attorney seems to be of no moment. Because defendant entered a guilty plea, there was no prosecution by the City Prosecutor in the sense discussed in Short. Consequently defendant’s conviction for driving while his license was under revocation must stand.
We now turn our attention to defendant’s contention that the sentence he received for the DWI conviction is illegal.[1] That sentence was a fine of two hundred dollars plus court costs and a sentence of sixty days in jail. In default of paying the fine and court costs, the trial judge imposed an additional thirty days in jail. Defendant contends that the aggregate jail sentence, ninety days if he does not pay the fine, exceeds the maximum sentence under City of Baton Rouge Ordinance, Title 11:140, which provides for a maximum sentence of sixty days in the parish jail and is therefore illegal.
Code of Criminal Procedure art. 884 allows a trial judge to impose a sentence of imprisonment in default of payment of a fine and/or court costs.[2] In State v. *886 Barnes, 365 So.2d 1282 (La.1978), we discussed the imposition of an additional prison sentence which might cause the total of the sentences to exceed the maximum imprisonment allowed by the statute. We said:
“In the case of a nonindigent defendant it is permissible to impose a prison term in default of a fine payment that would result in the defendant serving a longer term than the statutory maximum for the offense.” 365 So.2d at 1183.
See also: State v. Lukefahr, 363 So.2d 661 (La.1978); State v. Williams, 288 So.2d 319 (La.1974).
The record discloses that defendant is not an indigent. Consequently, it is permissible that the prison term imposed in default of payment of the fine, when added to the prison term imposed as part of the sentence, result in a longer term than the statutory maximum for the offense.

Decree

For the foregoing reasons, defendant’s conviction for driving under revocation and his sentence for the DWI conviction are affirmed.
Affirmed.
CHIASSON, J., ad hoc, concurs in part, dissents in part and assigns reasons.
COVINGTON and LEAR, JJ., ad hoc, concur in part, dissent in part for the reasons assigned by CHIASSON, J., ad hoc.

 Judges Grover L. Covington, Remy Chiasson, and Elmo E. Lear of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr., James L.' Dennis, and Fred A. Blanche, Jr.

. Defendant did not object in the trial court to the imposition of his sentence. However, it is sufficient that he raise this issue by assignment of error in this Court. State v. Bourgeois, 388 So.2d 359 (La. 1980); State v. Gist, 369 So.2d 1339 (La.1979).

. Article 884 provides:
“If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six *886 months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense.”