Dear Ms. Gibbs:
You state that the District Attorney of the Seventh Judicial District handles criminal prosecutions in city and mayoral courts in both Concordia Parish and Catahoula Parish. You ask whether the District Attorney may collect fees from the city court prosecutions.
Your inquiry necessitates a review of R.S. 13:1898(A), providing pertinently:
 § 1898. Collection and disposition of fines, forfeitures, penalties, and costs in city court.
 A. Except as otherwise provided by special law and in Subsection B thereof, the clerk of the city court or the marshal, as designated by the judge, shall collect all fines, forfeitures, penalties, and costs, and all funds so collected by them, excluding costs, shall be paid into the city treasury when the prosecution is on behalf of the city and into the parish treasury to be deposited in the parish general fund and used as a general expenditure of said parish in parishes other than Orleans, when the prosecution is on behalf of the state or parish.
Reviewing the statute quoted, this office has previously determined:
 ". . . . if the prosecution is on behalf of the city (i.e. prosecution for a violation of a city ordinance) the proceeds from the fines are to be paid into the city treasury. However, if the prosecution is on behalf of the state or parish (i.e. prosecution for a violation of a state statute or a parish ordinance) then the proceeds from the fines are to be deposited with the parish. Therefore, a fine received from the prosecution of a state statute in city court must be deposited with the parish." See Attorney General Opinion 92-149, page 2, copy attached.
The conclusion of the author of Opinion 92-149, as stated above, remains the opinion of this office. We would further direct your attention to Opinion 88-180, copy attached, which is also in accord with Opinion 92-149.
R.S. 16:3[1] charges the office of the district attorney with the responsibility of representing the state in all criminal prosecutions charged under state law which appear before the city court. Further, R.S. 16:4[2] sets fees in certain districts for district attorneys whose salaries in lieu of fees have not been fixed by law. However, since R.S. 16:10[3] and R.S.16:191[4] provide salaries for the office of the district attorney in the Seventh Judicial District, additional fees for the criminal prosecution of state violations in city court is not mandated. In accord is Attorney General Opinion 80-111.
Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 16:3 provides:
§ 3. Representation of state in city courts; fees
The district attorneys throughout the state shall represent the state in all criminal prosecutions before city courts constituted by law.
They shall receive the same fees now provided by law for convictions for the same offenses in the district courts of Louisiana.
[2] R.S. 16:4 provides:
§ 4. Fees in certain districts
The district attorneys throughout the state whose salaries in lieu of fees have not been fixed by law shall be entitled to receive, in addition to their salaries as allowed by the constitution, the following fees: Five dollars for each conviction on which the accused is finally sentenced only to pay a fine; ten dollars for each conviction on which the accused is finally sentenced to imprisonment in jail; fifteen dollars for each conviction on which the accused is finally sentenced to imprisonment in the penitentiary for a term shorter than life; twenty dollars for each conviction on which the accused is finally sentenced to imprisonment in the penitentiary for life; and twenty-five dollars for each conviction on which the accused is finally sentenced to death. He shall receive only one fee for each defendant convicted regardless of the number of convictions against the same defendant where the sentences imposed by the court are to run concurrently, and shall not be paid his fee until the sentence has become final on appeal or otherwise. In districts composed of more than one parish, fees herein provided for shall be paid by the parish in which the conviction takes place and the governing authority of each parish shall annually, and at the time they prepare their general budget of expenses, budget an amount sufficient to pay the fees as herein fixed.
[3] R.S. 16:10 provides:
§ 10. Annual salary of district attorneys payable by state.
A. The annual salary of the several district attorneys throughout the state of Louisiana is hereby fixed at fifty thousand dollars payable monthly by the state treasurer upon the warrant of the district attorney.
B. The provisions of this section shall not be construed to repeal, supersede or affect any existing law or laws or laws or provisions of any statutes which have been enacted or may be enacted by the legislature fixing the compensation to be paid the district attorneys throughout the state by the governing authorities of the several parishes of the state. Any such compensation paid by the governing authorities of the several parishes of the state shall be in addition to the sum which the state treasurer is required to pay under the provisions of this section.
[4] R.S. 16:191 provides:
§ 191. Additional salary of district attorney
The district attorney for the seventh judicial district of this state shall receive as compensation for this services, in addition to the annual salary paid him by the state of Louisiana, an annual salary of four thousand dollars, payable monthly on his own warrant, by the parishes comprising the seventh judicial district, apportioned as follows:
(1) By the parish of Concordia, the sum of two thousand five hundred dollars per annum.
(2) By the parish of Catahoula, the sum of one thousand five hundred dollars per annum.
*1 OPINION NUMBER 92-149
RELEASED NOVEMBER 12, 1992
15 — COURTS 47 — FINES, FORFEITURES AND PENALTIES 56 — JUDGES R.S. 13:1898 and 15:571.11
If a prosecution is on behalf of the city (prosecution for a violation of a city ordinance) the proceeds from the fines are to be paid into the city treasury. If, on the other hand, the prosecution is on behalf of the state or parish (prosecution for violation of a state statute or a parish ordinance) then the proceeds from the fines are to be deposited in the Criminal Court Fund. A fine received from the prosecution of a state statute in city court should be deposited into the Criminal Court Fund.
Mr. Mark S. McKay Fiscal Administrator St. Landry Parish Police Jury Post Office Box 551 Opelousas, LA 70571-0551
Dear Mr. McKay:
You have requested an opinion of the Attorney General regarding the proper disposition of fines and forfeitures imposed on individuals prosecuted under state statute in the City Court of Opelousas.
You state that, presently, the Court is remitting the fines and forfeitures, including those imposed under state statutes, to the City of Opelousas, when the arresting officer is a city policeman. When the arresting officer is a parish or state law enforcement officer, the fines imposed are remitted to the parish treasury.
In answer to your question, I draw your attention to LSA-R.S.13:1898 (A) which provides as follows:
"A. Except as otherwise provided by special law and in Subsection B thereof, the clerk of the city court or the marshal, as designated by the judge, shall collect all fines, forfeitures, penalties, and costs, and all funds so collected by them, excluding costs, shall be paid into the city treasury when the prosecution is on behalf of the city and into the parish treasury to be deposited in the parish general fund and used as a general expenditure of said parish, in parishes other than Orleans, when the prosecution is on behalf of the state or parish."
In addition, LSA-R.S. 15:571.11 (A)(1)(a) provides, in pertinent part, the following:
"All fines and forfeitures imposed by district courts and district attorneys conviction fees in criminal cases and prosecutions for violations of state law or parish ordinances, upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special `Criminal Court Fund' account . . ."
As can be seen from the above provisions, if the prosecution is on behalf of the city (i.e. prosecution for a violation of a city ordinance) the proceeds from the fines are to be paid into the city treasury. However, if the prosecution is on behalf of the state or parish (i.e. prosecution for a violation of a state statute or a parish ordinance) then the proceeds from the fines are to be deposited with the parish. Therefore, a fine received from the prosecution of a state statute in city court must be deposited with the parish.
*2 Further, reading LSA-R.S. 13:1898 and 15:571.11 in pari materia, whenever a prosecution is on "behalf" of either the parish or the state, any fines or forfeitures collected should be credited to the Criminal Court Fund. See Opinions of the Attorney General Nos. 78-1076 and 74-518.
I hope this satisfactorily answers your question, but should you require additional information or if we can assist in any other matter, please do not hesitate to contact us.
With kindest regards, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0018R
cc: The Honorable Kenneth Boagni Judge, City Court of Opelousas 301 North Main Street Opelousas, LA 70570
Opinion No. 88-180
March 30, 1988
COURTS 15 FINES, FORFEITURES PENALTIES 47
A city prosecutor cannot prosecute a person in city court for a violation of a state statute not punishable by hard labor. The fines collected pursuant to a prosecution in city court for the violation of a state statute should be paid into the parish's general fund.
Honorable Guy Pucheu Ville Platte City Clerk P.O. Box 390 Ville Platte, La. 70586
Dear Mr. Pucheu:
This office is in receipt of your request for an opinion of the Attorney General and it has been forwarded to the undersigned for disposition. Your questions, as I understand them, are as follows:
1. Can a person be prosecuted in city court by a city prosecutor for an offense charged under a state statute which is not punishable by hard labor?
2. Are fines collected pursuant to a prosecution under a state statute in city court paid into the parish general fund or the city treasury?
In order to answer these questions, it is helpful to look at the following legislative provisions:
La. Const. Art. 5, § 26.
"(B) Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district."
R.S. 13:1894.
"The criminal jurisdiction of city courts is limited to the trial of offenses committed within their respective territorial jurisdictions which are not punishable by imprisonment at hard labor, including the trial of cases involving the violation of any city or parochial ordinance."
R.S. 13:1898
"Except as otherwise provided by special law and in Subsection B thereof, the clerk of the city court, or the marshal, as designated by the judge, shall collect all fines, forfeitures, penalties, and costs, and all funds so collected by them, excluding costs, shall be paid into the city treasury when the prosecution is on behalf of the city and into the parish treasury to be deposited in the parish general fund and used as a general expenditure of said parish, in parishes other than Orleans, when the prosecution is on behalf of the state or parish."
The Louisiana Supreme Court has specifically addressed the first question posed in this opinion in City of Baton Rouge v. Malik,404 So.2d 883 (La. 1981). In Malik, the defendant was prosecuted in city court by a city prosecutor for a violation of a state statute (La. R.S. 32:415). The Court recognized that although city courts have jurisdiction over cases prosecuted under state law which are not punishable by imprisonment at hard labor, Art. 5 § 26 (B) vests the district attorney or his assistant with the exclusive charge of every criminal prosecution by the state, in his district. Since this charge was vested with the district attorney, the court stated that Art. 5, § 26 (B) directs that the prosecution of a state statute in city court must be by the district attorney or his designated assistant and not by a city prosecutor.
Therefore, in response to the first question, a city prosecutor cannot prosecute a person for violation of a state statute in a city court.
The second question is expressly dealt with under R.S. 13:1898. In pertinent part, the statute reads that:
"All fines . . . shall be paid into the city treasury when the prosecution is on behalf of the city and into the parish treasury to be deposited in the parish general fund . . . when the prosecution is on behalf of the state or parish."
The statute explicitly sets forth that if the prosecution is on behalf of the city (prosecution for violation of a city ordinance) the proceeds from the fines are to be paid into the city treasury. The statute further states that if the prosecution is on behalf of the state or parish (prosecution for violation of a state statute or parish ordinance) then the proceeds from the fines are to be deposited in the parish general fund. Therefore, a fine received from the prosecution of a state statute in city court would be deposited into the general fund of the parish.
Accordingly, it is the opinion of this office that a city prosecutor cannot prosecute a person in city court for a violation of a state statute, not punishable by hard labor. The fines collected pursuant to a prosecution in city court for violation of a state statute should be paid into the parish's general fund.
I hope this satisfactorily answers your query, but should you require additional information or if we can assist in any other manner, please do not hesitate to contact this office again.
With kind personal regards, I remain
Sincerely,
 William J. Guste, Jr. Attorney General
 By: Rene Salomon Assistant Attorney General
OPINION NUMBER 80-111
April 1, 1980
DISTRICT PROSECUTING ATTORNEYS 22 R.S. 16:3 16:4
The office of district attorney is responsible for all prosecutions on behalf of the state charged under state law before city court. Additional fees for such prosecutions is not mandated in the 32nd Judicial District
Honorable Jude Thaddeus Fanguy City Judge City Court of Houma Post Office Box 166 Houma, Louisiana 70361
Dear Judge Fanguy:
This office is in receipt of your request for an opinion of the Attorney General. Your request has been forwarded to me, the undersigned, for disposition. Your questions, as I appreciate them, are as follows:
`1. Does the District Attorney of the 32nd Judicial District Court, Parish of Terrebonne, Louisiana, have the duty to prosecute whatever state matters there are pending in the City Court of Houma?
2. Does the City Court of Houma or any other body have to pay any fee for this?'
It is the opinion of this office, in response to your first question, that the office of the district attorney is responsible for all prosecutions on behalf of the state charged under state law which appear before the city court. (See R.S. 16:3). The `duty to prosecute', as you have stated it, is troubling. The district attorney's prosecutorial discretion is applicable in city as well as state courts.
It is further the opinion of this office that R.S. 16:4 is the source of the answer to your second question. Since R.S. 16:10 and R.S. 16:801 et seq. are legislative fixings of salary for the office of district attorney in the 32nd Judicial District additional fees for criminal prosecutions of state violations in city court is not mandated.
It is hoped that this opinion fully answers your questions. If this office might be of any further assistance, please do not hesitate to contact us.
With kindest regards, I remain
Sincerely,
 William J. Guste, Jr. Attorney General
 By: Patrick G. Quinlan Assistant Attorney General