Dear Ms. Feucht:
This office is in receipt of your opinion request wherein you asked:
 (1) Is there a possible conflict of interest while serving the District Attorney's office in this capacity while at the same time representing indigent defendants in criminal and traffic cases in the Eunice City Court?
 (2) Is the power of probation officers of the Eunice City Court to execute warrants, effect arrests and serve orders to those they are supervising limited to the physical jurisdiction boundaries of the court with which they are employed, or would the jurisdiction of the probation officer extend to the person on probation, within the State of Louisiana?
The answer to your first inquiry can be found in the Louisiana Code of Criminal Procedure article 65:
 It is unlawful for the following officers or their law partners to defend or assist in the defense of any person charged with an offense in any parish of the state: (1) Any district attorney or assistant district attorney. La. Code Crim. P. art. 65(1).
In conclusion, a district attorney or an assistant district attorney while serving the office in his capacity cannot, at the same time, represent indigent defendants in criminal and traffic cases.
Your answer to your second question can be found in prior Attorney General Opinions. As stated in Opinion #03-0221, probation officers are peace officers within the scope of *Page 2 
their supervision of probationers. This must also be read with Attorney General Opinion #97-179, wherein we concluded that misdemeanor probation officers who were employed by a district court did not have arrest power because they were not employed or commissioned by an agency vested with arrest power.
Additionally, La. R.S. 13:1894 states in part:
 A. The criminal jurisdiction of city courts is limited to the trial of offenses committed within their respective territorial jurisdictions which are not punishable by imprisonment at hard labor, including the trial of cases involving the violation of those offenses under state law, the violation of those offenses under a municipal or parochial ordinance adopted under the provision of R.S. 14:143, and the violation of any other municipal or parochial ordinance.
City of Baton Rouge v. Malik, 404 So.2d, 883 (La. 1981) has interpreted this statute accordingly. Read together, it is clear that City Court Probation officers do not have arrest authority based solely on their status as probation officers. If commissioned by an agency vested with arrest authority, such as the city police or sheriff's offices, a city court probation officer could effect arrests within the territorial limits of said agency. If the probation officer is not commissioned, he would need the assistance of a commissioned officer to arrest probationers.
In conclusion, it is the opinion of this office, based upon the above cited Attorney General's Opinions that the powers of the probation officers of the Eunice City Court to execute warrants, effect arrests and serve orders to those they are supervising is limited to the territorial jurisdiction of the agency vested with the arrest authority with which he is employed or commissioned.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 ELLISON C. TRAVIS
 ASSISTANT ATTORNEY GENERAL
 ECT/jm/jy
 *Page 3 
 ATTACHMENT
La. Atty. Gen. Op. No. 03-0221, 2003 WL 21564548 (La.A.G.)
 Office of the Attorney General
 State of Louisiana
 *1 Opinion No. 03-0221
 June 20, 2003
60 LAW OFFICERS — Authority and Jurisdiction
LSA-R.S. 40:2402; C.Cr.P. art. 899 (F)
Probation officers are deemed to be peace officers. They may make arrests incident to their
supervision of those they are assigned to supervise.
Lynette Y. Feucht
Judge
Eunice City Court
300 South Second Street
P.O. Box 591
Eunice, Louisiana 70535

Dear Judge Feucht:
This office is in receipt of your opinion request wherein you asked whether court appointed probation officers supervising misdemeanor cases inherit the powers of and are deemed to be peace officers as defined in Code of Criminal Procedure article899?
Louisiana Code of Criminal Procedure article 899 (F) states that probation officers are deemed to be peace officers incident to their supervision of probationers. La. Attorney General Opinion No. 83-226 explained this language. This office stated in that opinion that probation and parole officers are entitled to act as peace officers only during instances concerning probationers and parolees. These statutory provisions do not allow probation and parole officers to act as peace officers in regard to the entire public citizenry. However, as noted in the previously referenced opinion, probation officers may make arrests, execute searches, serve warrants and execute the laws of this State in regard to those they are supervising and are "peace officers" as provided for in LSA-R.S. 40:2402.
Therefore, it is the opinion of this office that probation officers are deemed to be peace officers. They may make arrests incident to their supervision of those they are assigned to supervise. If the office can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 Richard P. Ieyoub
 Attorney General
 By: Paul Knight
 Assistant Attorney General
 La. Atty. Gen. Op. No. 03-0221, 2003 WL 21564548 (La.A.G.)
 END OF DOCUMENT
 *Page 4 
 ATTACHMENT
La. Atty. Gen. Op. No.
La. Atty. Gen. Op. No. 97-179, 1997 WL 564372 (La.A.G.)
(Cite as: 1997 WL 564372 (La.A.G.))
 Office of the Attorney General State of Louisiana *1 Opinion No. 97-179 August 26, 1997
56 Judges
107 Sheriffs
LSA-R.S.15:60
15:77
15:904
 14:60
 40:2405
 40:2402
As recited by LSA-R.S. 40:2405, a peace officer in the state of Louisiana is required to complete a council approved certified training program and pass a council approved exam. LSA-R.S.15:904 recites "Each sheriff shall be the keeper of the public jail of his parish." In addition, each sheriff and his deputy shall be of an executive nature, subordinate to and completely under the control of the judicial power. Finally, misdemeanorprobation officers who are appointed or confirmed by a court as a legal representative are a court officer. As officers of the court, they are required by law to perform all legal duties required or ordered by the court. Failure to perform these duties will subject court officers to contempt proceedings.
Sheriff Charles L. Cook Ouachita Parish Sheriff P.O. Box 1803 Monroe, Louisiana 71210-1803
Dear Sheriff Cook:
Your request for an Attorney General's opinion has been forwarded to me for research and response. In particular, you have asked the following questions:
 (1) [Should there be] a more restrictive interpretation of peace officer status *Page 5 
than that requested by the Fourth Judicial District Court?
Are employees of a court created misdemeanor probationofficers, who derive their existence solely by local court rule and not by virtue of a commission from a State, Parish or local law enforcement agency, "peace officers" as those terms are defined in our various statutes or by the P.O.S.T. Council?
(2)Who is the keeper of the parish jails in Louisiana?
(A)Who controls access to those jails?
(B)If the Sheriff is the keeper of the jail and controls access, does a district court judge have the statutory authority to override the Sheriffs' authority and order the Sheriff to allow access to persons, as the court so desires?
(3)Would your answer to (2) in any way change, even if your opinion is that those court employees are "peace officers" as defined by statute and P.O.S.T. standards?
In answering question number one, a "peace officer" as discussed in Attorney General's opinion 82-1125 and defined by LSA-R.S. 40:2402 are officers employed by the following agencies: Wildlife Fisheries Agents, Capitol Police, Airport Police, Levee Board Police, New Orleans Harbor Police (and other Harbor Police, as well), Campus Police, Brand Commission Agents, Dept. of Public Safety Security Personnel, Mississippi River Bridge Police, District Attorneys' Investigators, State Fire Marshals, LA State Parks Rangers, ABC (Alcohol Beverage Control)Officers, Sheriffs' Deputies, Municipal Police, State Police, DOC Probation Parole Officers and Sheriffs' Deputies who have care, custody control of inmates. Under LA R.S. 40:2402 a "peace officer" is defined as `any full-time employee of the state, a municipality, a sheriff or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of the state, but not including any elected or appointed head of a law enforcement department.' "As recited by LSA-R.S.40:2405, a peace officer in the state of Louisiana is required to complete a council approved certified training program and pass a council approved exam. The peace officer has one calendar year from the date of initial employment to fulfill this requirement. Peace officers employed in towns of one thousand or less have two calendar years in which they must comply with this requirement. In these towns, a peace officer will not be prevented from carrying out their duties or receiving pay if they have not been given the requisite training due to a shortage in funds. In all other cases, failure to complete the training and exam is grounds for the council to obtain an injunction prohibiting the individual from exercising a peace officer's authority. It is therefore necessary for all peace officer's to complete the training program and exam.
*2 Further, only peace officers within this scope of certification and employed by one of the agencies recognized by LSA R.S. 40:2402 have vested police powers of arrest and are permitted to carry a concealed handgun unless authorization is granted through a parish or state concealed handgun permit.
In response to question two, LSA-R.S. 15:904 recites "Each sheriff shall be the *Page 6 
keeper of the public jail of his parish . . ." However, In Proceedings on Behalf of Judge of Section A of Criminal District Court For Parish of Orleans v. Grosch et rel. In re State ex rel. Darden, 222 La. 937, 64 So.2d 225 (1953), the Louisiana Supreme Court recited the following:
From moment criminal sheriff and his constable received prisoner in parish jail, power of judges of the Criminal District Court over person of prisoner was plenary and exclusive, and authority of sheriff and his deputy was purely of an executive nature, subordinate to and completely under control of the judicial power. LSA-R.S. 15:60. 14:60.1, 15:77
Hence, when the judge issued his order to release a prisoner to the city police, the sheriff had no choice whatever in the matter. As mere executive officers of the court, their duty was to immediately recognize and obey the judicial mandate — to deny or delay its fulfillment was contemptuous and a misfeasance.
Code of Civil Procedure Article 374 states:
A legal representative appointed or confirmed by a court is anofficer of this court from the time of his qualification for the office until his discharge.
Misdemeanor probation officers who are appointed or confirmed by a court as a legal representative are court officers. Asofficers of the court, they are required by law to perform alllegal duties required or ordered by the court. Failure to perform these duties will subject the court appointed officer
to contempt proceedings. Nevertheless, such appointment does not confer the arrest powers of a peace officer.
Sincerely,
Richard P. Ieyoub
Attorney General
Ellison Travis
Assistant Attorney General
La. Atty. Gen. Op. No. 97-179, 1997 WL 564372 (La.A.G.)